Roy H. Wepner
Charles P. Kennedy
Natalie S. Richer
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Ezaki Glico Kabushiki Kaisha,
d/b/a Ezaki Glico*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EZAKI GLICO KABUSHIKI KAISHA, d/b/a EZAKI GLICO, a Japanese Corporation, | : : : | Civil Action No. |
| Plaintiff, | : : | District Judge |
| v. | : : | Magistrate Judge |
| LOTTE INTERNATIONAL AMERICA CORP., | : : : | |
| Defendant. | x | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Ezaki Glico Kabushiki Kaisha d/b/a Ezaki Glico ("Ezaki Glico"), by its undersigned attorneys, brings this action against Defendant Lotte International America Corp. ("Lotte" or "Defendant"), and alleges as follows:

### PARTIES

1.  Ezaki Glico is a corporation organized under the laws of Japan with its principal place of business at 4-6-5 Utajima, Nishiyodogawa-ku, Osaka Prefecture 555-8502, Japan.

2.  On information and belief, Defendant is a New Jersey corporation with headquarters at 100 Challenger Road, Suite 710, Ridgefield Park, New Jersey 07660.

**JURISDICTION AND VENUE**

3. This is an action for trademark infringement and unfair competition, and includes claims arising under the provisions of the Trademark Laws of the United States of America, Title 15 of the United States Code.

4. Subject-matter jurisdiction over Ezaki Glico's claims is conferred upon this Court by 15 U.S.C. §§ 1119 and 1121(a), and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a).

5. Defendant is subject to the personal jurisdiction of this Court under the laws of the state of New Jersey and Rule 4 of the Federal Rules of Civil Procedure because Defendant is a resident of this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2).

**GENERAL ALLEGATIONS**

7. Beginning at least as early as 1966, Ezaki Glico has marketed and sold biscuit sticks coated in chocolate, cream, and/or almond pieces under the brand name "POCKY" in Japan.

8. Ezaki Glico began marketing and selling its POCKY products in commerce in the United States at least as early as August 1978.

9. Ezaki Glico's POCKY products generate sales totaling more than $15,000,000 per year in the United States, and are sold in commerce nationwide in specialty Asian food stores as well as national retail stores including, but not limited to, Walmart, Target, and Costco, as well as through online retailers such as Amazon.com.

10. Ezaki Glico is the owner of the following relevant product configuration trademarks (collectively "the Ezaki Glico Marks") for the POCKY products which have been registered with the United States Patent and Trademark Office:

| REG. NO. | MARK | GOODS AND SERVICES |
|---|---|---|
| 1,527,208 | | Chocolate covered candy stick (in International Class 030) (registered on February 28, 1989) |
| 1,986,404 | | Biscuit in the form of a stick, covered with chocolate or cream and almonds (in International Class 030) (registered on July 9, 1996) |
| 2,615,119 | | Biscuit stick partially covered with chocolate or cream in which are mixed crushed pieces of almond (in International Class 030) (registered on September 3, 2002) |

11.     True and correct copies of printouts from the United States Patent and Trademark Office TESS database evidencing the federal registrations of the Ezaki Glico Marks are attached to here as Exhibits 1-3, respectively.

12.     The Ezaki Glico Marks have been in continuous use in interstate commerce since the listed date of first use in commerce of each federal registration.

13.     The Ezaki Glico Marks are distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the marks, through Ezaki Glico's efforts of promoting its good will and reputation in the relevant marketplace.

14.     All of the federal registrations for the Ezaki Glico Marks are in full force and effect, and Registration Nos. 1,527,208 and 2,615,119 are incontestable.

15. Federal Registration Nos. 1,527,208 and 2,615,119 constitute constructive notice to Defendant of Ezaki Glico's ownership of those Ezaki Glico Marks in connection with the goods identified in the registrations.

16. As a result of Ezaki Glico's continuous use of the Ezaki Glico Marks, the Ezaki Glico Marks have become assets of substantial value to Ezaki Glico as distinctive nonfunctional indicators of the origin and quality of Ezaki Glico's products.

17. By its continuous use of the Ezaki Glico Marks, Ezaki Glico has developed significant and valuable goodwill in eyes of the consuming public.

18. Defendant has adopted and is using the identical product designs on its chocolate-covered biscuit stick products (marketed under the brand name "Pepero") which are sold in commerce in various locales in the United States at specialty Korean food stores, and more recently, at larger retail chains such as Ralph's in California, as well as through online retailers such as Amazon.com.

19. The copied designs used by Defendant in its Pepero product are as follows:

Original Pepero



Almond Pepero



20. Defendant's product designs are identical to, and confusingly similar to, the Ezaki Glico Marks.

21. Defendant's product designs are likely to cause confusion as to the source, sponsorship, authorization, or affiliation of Defendant's products and services with Ezaki Glico due to the identical nature of the designs as well as the identical nature of the goods.

22. Upon information and belief, Defendant had actual knowledge of the Ezaki Glico's exclusive rights in the Ezaki Glico Marks and persisted in its infringement notwithstanding said knowledge.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement In Violation Of The Lanham Act — 15 U.S.C. § 1114

23. Ezaki Glico incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

24. Defendant's unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

25. Defendant's use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Ezaki Glico, and Ezaki Glico has no adequate remedy at law for the damage to its reputation and goodwill. Ezaki Glico will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

26. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Ezaki Glico is entitled to recover Defendant's profits and any damages Ezaki Glico has sustained, in an amount to be assessed by the Court.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition/False Designation Of Origin In Violation Of The Lanham Act — 15 U.S.C. § 1125(a)

27. Ezaki Glico incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

28. Defendant has used the Ezaki Glico Marks in interstate commerce to falsely represent, describe, and designate the origin of its products and services in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, and association of Defendant with Ezaki Glico, and the origin, sponsorship, endorsement, or approval of Defendant's products in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

29. Ezaki Glico believes that it is or is likely to be damaged by the acts of Defendant described above.

30. Defendant's use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Ezaki Glico, and Ezaki Glico has no adequate remedy at law for the damage to its reputation and goodwill.  Ezaki Glico will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

31. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Ezaki Glico is entitled to recover Defendant's profits and any damages Ezaki Glico has sustained, in an amount to be assessed by the Court.

## THIRD CLAIM FOR RELIEF
### Unfair Competition Under New Jersey Common Law

32. Ezaki Glico incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

33. The aforementioned acts of Defendant constitute unfair competition and unfair business practices contrary to the common law of New Jersey.

34. Unless enjoined by this Court, Defendant will continue its unlawful use of the Ezaki Glico Marks, or colorable imitations thereof. Defendant's unlawful use has and will continue to cause immediate and irreparable harm to Ezaki Glico for which Ezaki Glico has no adequate remedy at law.

35. As a result of Defendant's acts, Ezaki Glico is entitled to damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement Under New Jersey Common Law

36. Ezaki Glico incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

37. Defendant's unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, as alleged is likely to cause confusion, mistake, or deception in the relevant marketplace, and constitutes trademark infringement under the common law of New Jersey.

38. Unless enjoined by this Court, Defendant will continue its unlawful use of the Ezaki Glico Marks, or colorable imitations thereof. Defendant's unlawful use has and will continue to cause irreparable harm to Ezaki Glico for which Ezaki Glico has no adequate remedy at law.

39. As a result of Defendant's acts, Ezaki Glico is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Unfair Competition In Violation Of N.J.S.A. 56:4-1 And 2

40. Ezaki Glico incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

41. The Ezaki Glico Marks constitute and represent names, brands, trademarks, and reputations and goodwill in connection with Ezaki Glico's POCKY products.

42. Defendant's use of the Ezaki Glico Marks is likely to deceive and confuse the public into believing that they are purchasing goods and services sponsored or approved by Ezaki Glico. Moreover, in engaging in the conduct set forth above, Defendant has misappropriated for its own the trademarks, reputation, and goodwill of Ezaki Glico.

43. Defendant's acts constitute unfair competition in violation of N.J.S.A. 56:4-1 and 2.

44. As a result of Defendant's acts, Ezaki Glico is entitled to injunctive relief and damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. that Defendant is liable to Ezaki Glico for trademark infringement in violation of 15 U.S.C. § 1114;

B. that Defendant is liable to Ezaki Glico for unfair competition/false designation of origin in violation of 15 U.S.C. § 1125(a);

C. that Defendant is liable to Ezaki Glico for unfair competition in violation of the common law of the State of New Jersey;

D. that Defendant is liable to Ezaki Glico for trademark infringement in violation of the common law of the State of New Jersey;

E. that Defendant is liable to Ezaki Glico for violation of N.J.S.A. 56:4-1 and 2.

F. entry of a preliminary and/or permanent injunction enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it from further acts of trademark infringement, unfair competition, or false designation of origin;

G. an award to Ezaki Glico of (1) Defendant's profits, (2) actual damages sustained by Ezaki Glico, and (3) the costs of this action;

H. an award of a sum above the amount found as actual damages, not exceeding three times such amount;

I. an award to Ezaki Glico of all damages, directly or indirectly caused, by Defendant for its violation of N.J.S.A. 56:4-1 and 2, and that said damages be trebled by the court.

J. an award of Ezaki Glico's reasonable attorneys' fees;

K. an order that Ezaki Glico be granted prejudgment and postjudgment interest on the judgment awarded by the Court; and

L. such other relief as the Court determines to be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Ezaki Glico
Kabushiki Kaisha, d/b/a Ezaki Glico*

Dated: July 10, 2015

By: s/ Roy H. Wepner
Roy H. Wepner
Tel: 908.654.5000
E-mail: RWepner@ldlkm.com
Litigation@ldlkm.com

**OF COUNSEL:**
Adrian J. Lee (Application for Admission *Pro Hac Vice* Forthcoming)
alee@wnlaw.com
Thomas R. Vuksinick (Application for Admission *Pro Hac Vice* Forthcoming)
tvuksinick@wnlaw.com
Matthew A. Barlow (Application for Admission *Pro Hac Vice* Forthcoming)
mbarlow@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Tel:         801.533.9800
Fax:        801.328.1707


### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, except for the action entitled *Ezaki Glico Kabushiki Kaisha dba Ezaki Glico v. Lotte U.S.A., Inc.*, Case No. 1:14-cv-01164-PLM (W.D. Mich., Southern Division), neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:    July 10, 2015                              LERNER, DAVID, LITTENBERG,
                                                                          KRUMHOLZ & MENTLIK, LLP
                                                                       *Attorneys for Plaintiff Ezaki Glico*
                                                                        *Kabushiki Kaisha, d/b/a Ezaki Glico*

                                                                 By:      s/  Roy H. Wepner
                                                                          Roy H. Wepner
                                                                          Tel:     908.654.5000
                                                                          E-mail: RWepner@ldlkm.com
                                                                                       Litigation@ldlkm.com

# EXHIBIT 1

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**  Reg. No. 1,527,208
                                                Registered Feb. 28, 1989

## TRADEMARK
### PRINCIPAL REGISTER



EZAKI GLICO KABUSHIKI KAISHA (JAPAN CORPORATION), TA EZAKI GLICO
6-5, 4-CHOME, UTAJIMA, NISHIYO-DOGAWAKU
OSAKA, JAPAN

FOR: CHOCOLATE COVERED CANDY STICK, IN CLASS 30 (U.S. CL. 46).

FIRST USE 10-31-1966; IN COMMERCE 8-0-1978.

THE LINING AND/OR STIPPLING IS FOR SHADING PURPOSES AND DOES NOT INDICATE COLOR.

THE MARK COMPRISES AN ELONGATED ROD COMPRISING BISCUIT OR THE LIKE, PARTIALLY COVERED WITH CHOCOLATE.

SEC. 2(F).

SER. NO. 701,323, FILED 12-16-1987.

JULIE B. SEYLER, EXAMINING ATTORNEY

# EXHIBIT 2

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**  Reg. No. 1,986,404
Registered July 9, 1996

## TRADEMARK
## SUPPLEMENTAL REGISTER



EZAKI GLICO KABUSHIKI KAISHA (JAPAN CORPORATION), DBA EZAKI GLICO,
6-5, UTAJIMA,4-CHOME, NISHIYO-DOGAWAKU
OSAKA, JAPAN

FOR: BISCUIT IN THE FORM OF A STICK, COVERED WITH CHOCOLATE OR CREAM AND ALMONDS, IN CLASS 30 (U.S. CL. 46).
FIRST USE 3-0-1992; IN COMMERCE 3-0-1992.

THE MARK CONSISTS OF THE CONFIGURATION OF THE APPLICANT'S GOODS, WHICH ARE BISCUIT STICKS, COVERED WITH CHOCOLATE OR CREAM AND ALMONDS.

SER. NO. 74-701,626, FILED P.R. 7-17-1995; AM. S.R. 7-17-1995.

ANGELA BISHOP WILSON, EXAMINING ATTORNEY

# EXHIBIT 3

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,615,119
Registered Sep. 3, 2002

## TRADEMARK
### PRINCIPAL REGISTER



EZAKI GLICO KABUSHIKI KAISHA (JAPAN CORPORATION), DBA EZAKI GLICO COMPANY, LIMITED
6-5, UTAJIMA,4-CHOME
NISHIYODOGAWAKU, OSAKA, JAPAN

FOR: BISCUIT STICK PARTIALLY COVERED WITH CHOCOLATE OR CREAM IN WHICH ARE MIXED CRUSHED PIECES OF ALMOND, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-0-1992; IN COMMERCE 3-0-1992.

OWNER OF U.S. REG. NOS. 1,527,208 AND 1,986,404.

THE MARK CONSISTS OF THE CONFIGURATION OF THE APPLICANT'S GOODS WHICH ARE BISCUIT STICKS, COVERED WITH CHOCOLATE OR CREAM AND ALMONDS.

SEC. 2(F).

SER. NO. 76-323,612, FILED 10-10-2001.

SAMUEL E. SHARPER JR., EXAMINING ATTORNEY