Roy H. Wepner
Charles P. Kennedy
Natalie S. Richer
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:    908.654.7866

*Attorneys for Plaintiffs Ezaki Glico Kabushiki Kaisha
d/b/a Ezaki Glico Co. Ltd. and Ezaki Glico USA Corporation*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EZAKI GLICO KABUSHIKI KAISHA d/b/a EZAKI GLICO CO., LTD., a Japanese Corporation, and EZAKI GLICO USA CORPORATION, a California Corporation, | : : : : | Civil Action No. 15-5477-MCA-LDW |
| | : : | District Judge Madeline Cox Arleo |
| Plaintiffs, | : | Magistrate Judge Leda Dunn Wettre |
| v. | : : | |
| LOTTE INTERNATIONAL AMERICA CORP., a New Jersey Corporation, | : : : | |
| Defendant. | : x | |

### FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Ezaki Glico Kabushiki Kaisha d/b/a Ezaki Glico Co., Ltd. ("Ezaki Glico Japan") and Ezaki Glico USA Corporation ("Ezaki Glico USA") (collectively "Plaintiffs"), by their undersigned attorneys, hereby submit this First Amended Complaint against Defendant Lotte International America Corp. ("Lotte IA" or "Defendant"), and allege as follows:

### PARTIES

1.      Ezaki Glico Japan is a corporation organized under the laws of Japan with its principal place of business at 4-6-5, Utajima, Nishiyodogawa-ku, Osaka City, Osaka Prefecture 555-8502, Japan.

4329952_1.docx

2.      Ezaki Glico USA is a California corporation with a place of business at 17780 Fitch Street, Suite 140, Irvine, California 92614.

3.      On information and belief, Defendant is a New Jersey corporation with headquarters at 100 Challenger Road, Suite 710, Ridgefield Park, New Jersey 07660.

## JURISDICTION AND VENUE

4.      This is an action for trademark infringement and unfair competition, and includes claims arising under the provisions of the Trademark Laws of the United States of America, Title 15 of the United States Code, and for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.      Subject matter jurisdiction over Plaintiffs' claims is conferred upon this Court by 15 U.S.C. §§ 1119 and 1121(a), and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  This Court has supplemental jurisdiction over any factually related state law issues in this dispute pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

6.      Defendant is subject to the personal jurisdiction of this Court under the laws of the state of New Jersey and Rule 4 of the Federal Rules of Civil Procedure because Defendant is a resident of this judicial district.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2).

## GENERAL ALLEGATIONS

8.      Beginning at least as early as 1966, Ezaki Glico Japan has marketed and sold biscuit sticks coated in chocolate, cream, and/or almond pieces under the brand name "POCKY" in Japan.

9.     Ezaki Glico Japan began marketing and selling its POCKY products in commerce in the United States at least as early as August 1978.

10.     Ezaki Glico Japan's POCKY products generate sales totaling more than $15,000,000 per year in the United States, and are sold in commerce nationwide in specialty Asian food stores as well as national retail stores including, but not limited to, Walmart, Target, and Costco, as well as through online retailers such as Amazon.com.

11.     Ezaki Glico Japan is the owner of the following relevant product configuration trademarks (collectively "the Ezaki Glico Marks") for the POCKY products that have been registered with the United States Patent and Trademark Office:

| REG. NO. | MARK | GOODS AND SERVICES |
|----------|------|--------------------|
| 1,527,208 |  | Chocolate covered candy stick (in International Class 030) (registered on February 28, 1989) |
| 1,986,404 |  | Biscuit in the form of a stick, covered with chocolate or cream and almonds (in International Class 030) (registered on July 9, 1996) |
| 2,615,119 |  | Biscuit stick partially covered with chocolate or cream in which are mixed crushed pieces of almond (in International Class 030) (registered on September 3, 2002) |

12.     A true and correct copy of printouts from the United States Patent and Trademark Office TESS database evidencing each of the federal registrations of the Ezaki Glico Marks is attached hereto as Exhibits 1-3, respectively.

13.     The Ezaki Glico Marks have been in continuous use in interstate commerce since the listed date of first use in commerce of each federal registration.

14.     The Ezaki Glico Marks are distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the marks, through Ezaki Glico Japan's efforts of promoting its goodwill and reputation in the relevant marketplace.

15.     All of the federal registrations for the Ezaki Glico Marks are in full force and effect, and Registration Nos. 1,527,208 and 2,615,119 are incontestable.

16.     Federal Registration Nos. 1,527,208 and 2,615,119 constitute constructive notice to Defendant of Ezaki Glico Japan's ownership of those Ezaki Glico Marks in connection with the goods identified in the registrations.

17.     As a result of Ezaki Glico Japan's continuous use of the Ezaki Glico Marks, the Ezaki Glico Marks have become assets of substantial value to Ezaki Glico Japan as distinctive nonfunctional indicators of the origin and quality of Ezaki Glico Japan's products.

18.     By its continuous use of the Ezaki Glico Marks, Ezaki Glico Japan has developed significant and valuable goodwill in the eyes of the consuming public.

19.     Defendant has adopted and is using the identical product designs on its chocolate covered biscuit stick products (marketed under the brand name "Pepero") which are sold in commerce in various locales in the United States at specialty Korean food stores, and more recently, at larger retail chains such as Ralph's in California, as well as through online retailers such as Amazon.com.

20.     The copied designs used by Defendant in its Pepero product are as follows:

Original Pepero



Almond Pepero



21.    Defendant's product designs are identical to, and confusingly similar to, the Ezaki Glico Marks.

22.    Defendant's product designs are likely to cause confusion as to the source, sponsorship, authorization, or affiliation of Defendant's products and services with Ezaki Glico Japan due to the identical nature of the designs as well as the identical nature of the goods.

23.    Upon information and belief, Defendant had actual knowledge of Ezaki Glico Japan's exclusive rights in the Ezaki Glico Marks and persisted in its infringement notwithstanding said knowledge.

24.    Defendant has asserted that it has claims against Plaintiffs for false advertising under the Lanham Act (15 U.S.C. § 1125), unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, and false advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.*

25.    Specifically, Defendant has asserted that on Plaintiffs' website pocky.glico.com ("Plaintiffs' website"), Plaintiffs advertise the Pocky product and claim that "end users of the Pocky cookie sticks will 'get a mental boost' by eating the sticks," and that such claim misrepresents the nature, qualities, and characteristics of the POCKY cookie sticks and is material because it is likely to affect purchasing decisions.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement In Violation Of The Lanham Act — 15 U.S.C. § 1114**

26.    Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

27.    Defendant's unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

28.    Defendant's use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Ezaki Glico Japan, and Ezaki Glico Japan has no adequate remedy at law for the damage to its reputation and goodwill.   Ezaki Glico Japan will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

29.    Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Ezaki Glico Japan is entitled to recover Defendant's profits and any damages Ezaki Glico Japan has sustained, in an amount to be assessed by the Court.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition/False Designation Of**
**Origin In Violation Of The Lanham Act — 15 U.S.C. § 1125(a)**

30.    Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

31.    Defendant has used the Ezaki Glico Marks in interstate commerce to falsely represent, describe, and designate the origin of its products and services in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, and association of Defendant with Ezaki Glico Japan, and the origin, sponsorship, endorsement, or approval of

Defendant's products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

32.     Ezaki Glico Japan believes that it is or is likely to be damaged by the acts of Defendant described above.

33.     Defendant's use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Ezaki Glico Japan, and Ezaki Glico Japan has no adequate remedy at law for the damage to its reputation and goodwill.   Ezaki Glico Japan will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

34.     Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Ezaki Glico Japan is entitled to recover Defendant's profits and any damages Ezaki Glico Japan has sustained, in an amount to be assessed by the Court.

## THIRD CLAIM FOR RELIEF
### Unfair Competition Under New Jersey Common Law

35.     Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

36.     The aforementioned acts of Defendant constitute unfair competition and unfair business practices contrary to the common law of New Jersey.

37.     Unless enjoined by this Court, Defendant will continue its unlawful use of the Ezaki Glico Marks, or colorable imitations thereof.   Defendant's unlawful use has and will continue to cause immediate and irreparable harm to Ezaki Glico Japan for which Ezaki Glico Japan has no adequate remedy at law.

38.     As a result of Defendant's acts, Ezaki Glico Japan is entitled to damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement Under New Jersey Common Law

39.     Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

40.     Defendant's unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, as alleged is likely to cause confusion, mistake, or deception in the relevant marketplace, and constitutes trademark infringement under the common law of New Jersey.

41.     Unless enjoined by this Court, Defendant will continue its unlawful use of the Ezaki Glico Marks, or colorable imitations thereof.   Defendant's unlawful use has and will continue to cause irreparable harm to Ezaki Glico Japan for which Ezaki Glico Japan has no adequate remedy at law.

42.     As a result of Defendant's acts, Ezaki Glico Japan is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Unfair Competition In Violation Of N.J.S.A. 56:4-1 And 2

43.     Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

44.     The Ezaki Glico Marks constitute and represent names, brands, trademarks, and reputations and goodwill in connection with Ezaki Glico Japan's POCKY products.

45.     Defendant's use of the Ezaki Glico Marks is likely to deceive and confuse the public into believing that they are purchasing goods and services sponsored or approved by Ezaki Glico Japan. Moreover, in engaging in the conduct set forth above, Defendant has misappropriated for its own the trademarks, reputation, and goodwill of Ezaki Glico Japan.

46.     Defendant's acts constitute unfair competition in violation of N.J.S.A. 56:4-1 and 2.

47.     As a result of Defendant's acts, Ezaki Glico Japan is entitled to injunctive relief and damages in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
**Declaration Of No False Advertising In Violation Of The Lanham Act, 15 U.S.C. § 1125**

48.     Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

49.     Plaintiffs seek a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that the statements Defendant alleges are false, misleading, and/or unsubstantiated do not violate the Lanham Act, 15 U.S.C. § 1125(a).

50.     Defendant has asserted that Plaintiffs have misrepresented the nature, qualities, and characteristics of the Plaintiffs' Pocky Products by way of certain statements on Plaintiffs' website, and that these statements are false or misleading and likely to deceive consumers, and have caused irreparable harm and monetary damages to Defendant.

51.     The statements about which Defendant has complained are in fact true, accurate, and/or nonmisleading, and in no way misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods, services, or commercial activities. Accordingly, the statements on Plaintiffs' website do not violate the Lanham Act.

52.     Defendant's assertions create an actual controversy between Plaintiffs and Defendant regarding, among other things, Defendant's allegation that the statements on Plaintiffs' website constitute false advertising under the Lanham Act.

53.     Plaintiffs seek a declaration that the statements on Plaintiffs' website do not violate the Lanham Act or other applicable law.

**SEVENTH CLAIM FOR RELIEF**
**Declaration Of No Unfair Competition In Violation Of State Law**

54.     Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

55.     Plaintiffs seek a declaration, pursuant to 28 U.S.C. §§ 2201 and  2202, that the statements Defendant alleges are false, misleading, and/or unsubstantiated do not violate Cal. Bus. & Prof. Code §§ 17200 *et seq*. or the laws of any other state.

56.     Defendant has asserted that Plaintiffs have misrepresented the nature, qualities, and characteristics of the Plaintiffs' Pocky Products by way of certain statements on Plaintiffs' website, and that these statements are false or misleading and likely to deceive consumers, and have caused irreparable harm and monetary damages to Defendant.

57.     The statements about which Defendant has complained are in fact true, accurate, and/or nonmisleading, and in no way misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods, services, or commercial activities. Accordingly, the statements on Plaintiffs' website do not violate Cal. Bus. & Prof. Code §§ 17200 *et seq*. or the laws of any other state.

58.     Defendant's assertions create an actual controversy between Plaintiffs and Defendant regarding, among other things, Defendant's allegation that the statements on Plaintiffs' website constitute unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq*.

59.     Plaintiffs seek a declaration that the statements on Plaintiffs' website do not violate Cal. Bus. & Prof. Code §§ 17200 *et seq*. or other applicable law.

**EIGHTH CLAIM FOR RELIEF**
**Declaration Of No False Advertising In Violation Of State Law**

60.     Plaintiffs incorporate by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

61.     Plaintiffs seek a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that the statements Defendant alleges are false, misleading, and/or unsubstantiated do not violate Cal. Bus. & Prof. Code §§ 17500 *et seq.*

62.     Defendant has asserted that Plaintiffs have misrepresented the nature, qualities, and characteristics of the Plaintiffs' Pocky Products by way of certain statements on Plaintiffs' website, and that these statements are false or misleading and likely to deceive consumers, and have caused irreparable harm and monetary damages to Defendant.

63.     The statements about which Defendant has complained are in fact true, accurate, and/or nonmisleading, and in no way misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods, services, or commercial activities. Accordingly, the statements on Plaintiffs' website do not violate Cal. Bus. & Prof. Code §§ 17500 *et seq.* or the laws of any other state.

64.     Defendant's assertions create an actual controversy between Plaintiffs and Defendant regarding, among other things, Defendant's allegation that the statements on Plaintiffs' website constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.*

65.     Plaintiffs seek a declaration that the statements on Plaintiffs' website do not violate Cal. Bus. & Prof. Code §§ 17500 *et seq.* or other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A.     that Defendant is liable to Ezaki Glico Japan for trademark infringement in violation of 15 U.S.C. § 1114;

B.     that Defendant is liable to Ezaki Glico Japan for unfair competition/false designation of origin in violation of 15 U.S.C. § 1125(a);

C. that Defendant is liable to Ezaki Glico Japan for unfair competition in violation of the common law of the State of New Jersey;

D. that Defendant is liable to Ezaki Glico Japan for trademark infringement in violation of the common law of the State of New Jersey;

E. that Defendant is liable to Ezaki Glico Japan for violation of N.J.S.A. 56:4-1 and 2;

F. entry of a preliminary and/or permanent injunction enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it from further acts of trademark infringement, unfair competition, or false designation of origin;

G. an award to Ezaki Glico Japan of (1) Defendant's profits, (2) actual damages sustained by Ezaki Glico Japan, and (3) the costs of this action;

H. an award of a sum above the amount found as actual damages, not exceeding three times such amount;

I. an award to Ezaki Glico Japan of all damages, directly or indirectly caused, by Defendant for its violation of N.J.S.A. 56:4-1 and 2, and that said damages be trebled by the court;

J. an award of Ezaki Glico Japan's reasonable attorney fees;

K. an order that Ezaki Glico Japan be granted prejudgment and postjudgment interest on the judgment awarded by the Court;

L. entry of declaratory judgment in Plaintiffs' favor that Plaintiffs have committed no acts of false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, or other applicable law;

M.       entry of declaratory judgment in Plaintiffs' favor that Plaintiffs have committed no acts of unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* or any other state law;

N.       entry of declaratory judgment in Plaintiffs' favor that Plaintiffs have committed no acts of false advertising in violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.* or any other state law; and

O.       such other relief as the Court determines to be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Ezaki Glico*
*Kabushiki Kaisha d/b/a Ezaki Glico Co., Ltd.*
*and Ezaki Glico USA Corporation*

Dated: December 21, 2015                By:     s/  Roy H. Wepner
                                                      Roy H. Wepner
                                                      Tel:    908.654.5000
                                                      E-mail:rwepner@lernerdavid.com
                                                              litigation@lernerdavid.com

**OF COUNSEL**
Adrian J. Lee (Application for Admission *Pro Hac Vice* Forthcoming)
alee@wnlaw.com
Thomas R. Vuksinick (Application for Admission *Pro Hac Vice* Forthcoming)
tvuksinick@wnlaw.com
Matthew A. Barlow (Application for Admission *Pro Hac Vice* Forthcoming)
mbarlow@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Tel:         801.533.9800
Fax:        801.328.1707

<u>**AMENDED CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**</u>

     The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, except for the action entitled *Lotte International America Corp. et al. v. Ezaki Glico USA Corp. et al.*, Civil Action No. 8:15-cv-01320 (C.D. Cal.), neither Plaintiffs nor Plaintiffs' attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.  The action identified in Plaintiffs' original Rule 11.2 certification is no longer pending.

Dated: _____December 21, 2015_

                                    LERNER, DAVID, LITTENBERG,
                                        KRUMHOLZ & MENTLIK, LLP
                                    *Attorneys for Plaintiff Ezaki Glico*
                                      *Kabushiki Kaisha d/b/a Ezaki Glico Co., Ltd.*
                                      *and Ezaki Glico USA Corporation*

                                By:_____s/  Roy H. Wepner_____
                                      Roy H. Wepner
                                      Tel:     908.654.5000
                                      E-mail: rwepner@lernerdavid.com
                                                  litigation@lernerdavid.com

# EXHIBIT 1

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 1,527,208

## United States Patent and Trademark Office

Registered Feb. 28, 1989

## TRADEMARK
### PRINCIPAL REGISTER



EZAKI GLICO KABUSHIKI KAISHA (JAPAN CORPORATION), TA EZAKI GLICO
6-5, 4-CHOME, UTAJIMA, NISHIYO-DOGAWAKU
OSAKA, JAPAN

FOR: CHOCOLATE COVERED CANDY STICK, IN CLASS 30 (U.S. CL. 46).

FIRST USE 10-31-1966; IN COMMERCE 8-0-1978.

THE LINING AND/OR STIPPLING IS FOR SHADING PURPOSES AND DOES NOT INDICATE COLOR.

THE MARK COMPRISES AN ELONGATED ROD COMPRISING BISCUIT OR THE LIKE, PARTIALLY COVERED WITH CHOCOLATE.

SEC. 2(F).

SER. NO. 701,323, FILED 12-16-1987.

JULIE B. SEYLER, EXAMINING ATTORNEY

# EXHIBIT 2

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 1,986,404

## United States Patent and Trademark Office    Registered July 9, 1996

## TRADEMARK
### SUPPLEMENTAL REGISTER



EZAKI GLICO KABUSHIKI KAISHA (JAPAN CORPORATION), DBA EZAKI GLICO, 6-5, UTAJIMA,4-CHOME, NISHIYO-DOGAWAKU OSAKA, JAPAN

FOR: BISCUIT IN THE FORM OF A STICK, COVERED WITH CHOCOLATE OR CREAM AND ALMONDS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-0-1992; IN COMMERCE 3-0-1992.

THE MARK CONSISTS OF THE CONFIGU-RATION OF THE APPLICANT'S GOODS, WHICH ARE BISCUIT STICKS, COVERED WITH CHOCOLATE OR CREAM AND AL-MONDS.

SER. NO. 74-701,626, FILED P.R. 7-17-1995; AM. S.R. 7-17-1995.

ANGELA BISHOP WILSON, EXAMINING AT-TORNEY

# EXHIBIT 3

**Int. Cl.: 30**

**Prior U.S. Cl.: 46**

**Reg. No. 2,615,119**

## United States Patent and Trademark Office

Registered Sep. 3, 2002

## TRADEMARK
## PRINCIPAL REGISTER



EZAKI GLICO KABUSHIKI KAISHA (JAPAN CORPORATION), DBA EZAKI GLICO COMPANY, LIMITED
6-5, UTAJIMA,4-CHOME
NISHIYODOGAWAKU, OSAKA, JAPAN

FOR: BISCUIT STICK PARTIALLY COVERED WITH CHOCOLATE OR CREAM IN WHICH ARE MIXED CRUSHED PIECES OF ALMOND, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-0-1992; IN COMMERCE 3-0-1992.

OWNER OF U.S. REG. NOS. 1,527,208 AND 1,986,404.

THE MARK CONSISTS OF THE CONFIGURATION OF THE APPLICANT'S GOODS WHICH ARE BISCUIT STICKS, COVERED WITH CHOCOLATE OR CREAM AND ALMONDS.

SEC. 2(F).

SER. NO. 76-323,612, FILED 10-10-2001.

SAMUEL E. SHARPER JR., EXAMINING ATTORNEY