UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EZAKI GLICO KABUSHIKI KAISHA, d/b/a EZAKI GLICO CO., LTD. and EZAKI GLICO USA CORP.,** *Plaintiffs/Counterdefendants*, v. **LOTTE INTERNATIONAL AMERICA CORP.,** *Defendant/Counterclaimant* | Civil Action No. 15-5477 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court by way of Defendant/Counterclaimant Lotte International America Corp.'s ("Lotte") appeal from Magistrate Judge Wettre's Order denying transfer of this action to the United States District Court of the Central District of California (the "Order"), ECF No. 55. ECF No. 58. Plaintiffs/Counterdefendants Ezaki Glico Kabushiki Kaisha, d/b/a Ezaki Glico Co., Ltd. ("Glico") and Ezaki Glico USA Corp., ("Glico USA") (together, "Plaintiffs") oppose the motion. ECF No. 62. For reasons set forth below, the Court affirms the Magistrate Judge's Order, and the motion is **DENIED**.

**I.    BACKGROUND**

This trademark dispute arises from Lotte's alleged infringement of three of Glico's marks used in the promotion and sale of a cookie snack product.

Plaintiff Glico is a Japanese company engaged in the marketing and sale of biscuit sticks sold in Japan and the United States under the brand name "POCKY." Am. Compl. ¶¶ 1, 8, ECF No. 9. Glico holds three registered trademarks with the United States Patent and Trademark Office ("USPTO") for POCKY products. Id. ¶¶ 8-15. Plaintiff Glico USA is a wholly owned subsidiary

1

of Glico. Glico USA is a California corporation with a principal place of business in Irvine California. Id. ¶ 2. It has also had a New Jersey office and at least two employees in New Jersey since January 2015, to provide sales and support services for its customers in the eastern United States. ECF No. 43-4 at 13-14. These customers include specialty grocery stores, national retail stores and online retailers. Am. Compl. ¶ 10.

Defendant Lotte is a New Jersey corporation and asserts that its principal place of business currently is in Los Angeles, California.[1] Answer to Am. Compl. ("Ans.") ¶ 1, ECF No. 17. Lotte markets and sells biscuit sticks in the United States under the brand name "PEPERO." Id. ¶ 19.

Glico filed the instant action against Lotte in this district in July 2015.[2] Compl., ECF No. 1. Glico then filed an Amended Complaint to add Glico USA as a plaintiff. ECF No. 9. Plaintiffs allege that Lotte infringed the POCKY trademarks by adopting and using identical product designs to market its PEPERO cookies in violation of The Lanham Act and New Jersey Common law. Am. Compl. ¶¶ 26-65. In April 2016, Lotte answered the Amended Complaint, and asserted counterclaims for false advertising and for a declaratory judgment of non-infringement of Glico's trademarks. Ans. ¶¶ 29-88, ECF No. 17. Lotte set forth several affirmative defenses, including laches, waiver, and a statute of limitations. Ans at 9. By Letter Order dated December 13, 2016, the Court granted Glico's motion to dismiss Lotte's false advertising counterclaims. ECF No. 53.

This Court permitted limited jurisdictional discovery at the parties' request in relation to Lotte's proposed transfer motion. See Initial Scheduling Order Dated June 3, 2016, ECF No. 36.

---

[1] The parties dispute the location of Lotte's principal place of business. Glico contends that Lotte's website lists its "US office" as 100 Challenger Rd., Suite 710, Ridgefield Park, New Jersey 07660. ECF No. 47-3.

[2] Glico had previously, in November 2014, filed a trademark infringement complaint against Lotte's sister company, Lotte USA, Inc. in the Western District of Michigan, No. 14-cv-1164 (W.D. Mich.), allegedly "under the mistaken belief that Lotte USA Inc. was the distributor of the infringing products." ECF No. 47 at 8, n.3. That action was dismissed.

Lotte then moved to transfer venue to the Central District of California[3] pursuant to U.S.C. § 1404(a). ECF No. 43. Judge Wettre denied the motion to transfer in her Opinion and Order dated January 30, 2017 (the "Opinion"). ECF No. 55. Lotte then filed this appeal. ECF No. 58.

## II. STANDARD OF REVIEW

A magistrate judge's ruling on transfer of venue to another district is considered nondispositive as it does not reach the merits of the case. Stephen L. LaFrance Pharmacy, Inc. v. Unimed Pharm., Inc., 2009 WL 3230206 (D.N.J. Sept.30, 2009). To overturn non-dispositive rulings, such as the denial of Lotte's Motion to Transfer, there must be a finding that the ruling was contrary to law or "clearly erroneous." 28 U.S.C. § 636(b)(1) (A) (2006) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Siebert v. Norwest Bank Minn., 166 F. App'x 603 (3d Cir. 2006) (affirming a district court's review of a magistrate judge's order under the "clearly erroneous" standard where the determination was non-dispositive). Thus, Judge Wettre's decision to deny transfer of venue must stand unless this court finds it was "clearly erroneous or contrary to law." Id.; Hitachi Cable Am., Inc. v. Wines, 1986 WL 2135 (D.N.J. Feb.14, 1986).

## III. ANALYSIS

### A. Transfer of Venue Under 28 U.S.C. § 1404(a)

Lotte requested transfer pursuant to 28 U.S.C. § 1404(a), which applies where the current forum is proper but an alternative forum is arguably more convenient. Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

---

[3] In August 2015, a month after initiating this action, Lotte and Lotte Korea filed a complaint in the Central District of California against Glico and Glico USA, asserting claims for false advertising and a declaratory judgment that Glico's trademarks are invalid and unenforceable. Compl., Lotte International Am. Corp. v. Ezaki Glico USA Corp., et al., No. 15-1320 (C.D. Cal). That action has been stayed pending the outcome of Lotte's motion to transfer.

any civil action to any other district or division where it might have been brought." Courts have "broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis." Linwood Trading Ltd., No. 14-5782, 2015 WL 5098117, at *1 (D.N.J. Aug. 28, 2015). The purpose of § 1404(a) is twofold: first, to avoid wasting "time, energy and money[,]" and second, to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Cont'l Grain Co. v. The FBL–585, 364 U.S. 19, 26–27 (1960).

The burden of establishing the need for a venue change lies with the party seeking the transfer. Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970). As a threshold matter, the Court must initially determine "whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance." Telebrands Corp. v. Mopnado, No. 14-7969, 2016 WL 368166, at *10 (D.N.J. Jan. 12, 2016).

Next, courts must engage in an "'individualized, case-by-case consideration of convenience and fairness' regarding which forum is most appropriate to consider the case." Id. (quoting Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999)). This balancing test takes a number of private and public interest factors into consideration. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The private interest factors include: (1) plaintiff's choice of forum; (2) defendant's choice of forum; (3) whether the claim arose elsewhere (4) convenience of the parties as indicated by their relative physical and financial condition; (5) availability of compulsory process over unwilling witnesses; and (6) the location of books and records. Id.; Seghers v. Executive Risk Indemnification, Inc., No. 06-628, 2006 WL 2865494, at *6 (D.N.J. Oct. 5, 2006). The public interest factors include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) local interest in

4

deciding local controversies at home; (4) public policies of the fora; and (5) familiarity of the trial judge with the applicable state law. Jumara, 55 F.3d at 879. This list of factors, however, "is merely a fuide." LG Electronics, Inc. v. First Intern. Computer, Inc., 138 F. Supp. 2d 574, 587 (D.N.J. 2001). The analysis is "flexible and must be made on the unique facts of each case." Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993).

Here, there is no dispute that the action is properly venued in this District or that this Court can exercise personal jurisdiction over Defendants. Nor do the parties dispute that the Central District of California has the requisite jurisdiction over this case, is a proper venue to adjudicate this case, and thus is a proper alternative forum. However, the instant dispute centers on the convenience of the parties and on the interests of justice.

**B. Jumara Factors**

On appeal, Lotte argues that Judge Wettre erred in her analysis of four of the private interest factors, and two of the public interest factors under Jumara: (1) where the claims arose; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) practical considerations; and (6) the forums' interest in the dispute. The Court addresses each of these points below.

1. Private Interest Factors

In her opinion, Judge Wettre found that the majority of the Jumara private interest factors are either neutral or weigh against Lotte's transfer motion. Specifically, Judge Wettre found that: (1) the factor of plaintiffs' choice of forum favored the District of New Jersey; (2) the factor of the convenience of the parties only "slightly favored" transfer; (3) that the factor of whether the claim arose elsewhere was neutral; (4) and that Lotte had not met its burden to show that the remaining factors favored transfer. Order at 6-13. She held that, "[w]hile the Court recognizes that Lotte

would prefer that the action be litigated in California because that forum would be more convenient for certain of its party witnesses there, Lotte has failed to meet its burden to show that private interest factors as a whole favor transfer." Op. at 13.

    i.    Whether the claims arose elsewhere

With regard to where the claims arose, Lotte contends that Judge Wettre erred by failing to consider where New Jersey or California was the "center of gravity" for the claims at issue. Def.'s Br. at 8-10. But Lotte mistakes the test by presenting a false dichotomy. "The center of gravity analysis is a fact sensitive inquiry that seeks to identify the forum in which the operative facts giving rise to the litigation occurred." Travelodge Hotels, Inc. v. Perry Developers, Inc., No. 11-1164, 2011 WL 5869602, at *5 (D.N.J. Nov. 22, 2011). The "locus of the alleged culpable conduct" determines the place where the claim arose. Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1998). Unlike Lotte's formulation, in nationwide actions, "there is not one location that is the 'center of gravity' of the litigation." Pippins v. KPMG LLP, No. 11-0377, 2011 WL 1143010, at *5 (S.D.N.Y. Mar. 21, 2011).

In her Opinion, Judge Wettre first identified the culpable conduct as one of trademark infringement. She noted that "trademark infringement claims are deemed to arise where the 'passing off' occurs, or where the allegedly infringing products are sold to consumers who may become confused." Op. at 7, ECF No. 55 (citing Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)). She found that the existence of sales in New Jersey, along with other business conduct in New Jersey as indicated by Lotte's incorporation in the state, indicated that the claim arose in New Jersey. Indeed, the parties agree that the allegedly infringing products were sold in both New Jersey and California.

Lotte contends that it is seeking declaratory judgments on the validity of the POCKY trademark; as such, the claims arise in California where business decisions regarding the Glico's cookie design were made. Def.'s Br. at 8-9. However, this argument fails to capture Glico's initial claims against Lotte, which focus on trademark infringement. Since intellectual property matters arise "where the 'passing off' occurs," Elite Sports Enters. Inc., v. Lococo,, No, 07-4947, 2008 WL 4192045, at *4 (D.N.J. sept. 5, 2008), Judge Wettre was not clearly erroneous in deeming that the trademark claims arose in New Jersey.[4] Thus, this factor weighed against a transfer of venue.

    ii.    The Convenience of the Parties

Lotte argues that Judge Wettre incorrectly applied a "significantly inconvenient" standard to the convenience of the parties analysis. They are argue that Lotte must only show that the Central District of California is "more convenient than the present forum," Def.'s Br. at 11. The Court disagrees that this was clear error.

In her Opinion, Judge Wettre ultimately found that it was more convenient for the parties and its employee-witnesses for the case to be litigated in California due to the location of some of the parties' employees in California. But she also noted that Lotte is incorporated in New Jersey, and that the California-based witnesses would likely be able to be deposed locally in California. As such, she held that "the convenience of the parties only slightly favors California."

---

[4] In addition, Lotte argues that Judge Wettre erroneously considered the parties' "significant connections" to the forum under the location of the claims private interest factor. This argument mischaracterizes the Opinion. Judge Wettre simply noted the parties' connections to New Jersey—including Lotte USA's incorporation in the forum, and the existence of both Glico and Lotte employees in the forum—to distinguish this matter from other actions where the allegedly infringing conduct occurred in a forum with no meaningful connection to the parties. These considerations were not an independent basis for her finding, and their absence would not have changed Judge Wettre's conclusion.

7

Lotte's complaint essentially reflects a disagreement as to how much weight this factor should be accorded. Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara, 55 F.3d at 883. "An abuse of discretion occurs: 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted.'" Richards v. Johnson & Johnson, Inc., No. 05–3663, 2008 WL 544663, at * 2 (D.N.J. Feb. 26, 2008). Lotte has not shown that Judge Wettre's findings were arbitrary, fanciful, or unreasonable, and therefore was not in clear error.

   iii.   Convenience of the Witnesses

Lotte contends that Judge Wettre erred by finding that this factor did not favor transfer despite Lotte's identification of non-party witnesses located in California who possessed information relevant to the case. The Court disagrees.

As Judge Wettre noted in her Opinion, under this factor, courts must consider "the substance of the dispute and what bearing the testimony of . . . unavailable witnesses will have on the prosecution or defense of the claims." Kelly-Brown, 2011 WL 5325596, at *4 (citing Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988)). Judge Wettre did so here.

She first noted that to establish a cause of action for trademark infringement under the Lanham Act, plaintiffs will have to prove: (1) ownership of the mark, (2) validity of the mark; (3) and that the defendant's used of the mark is "likely to create confusion." Checkpoint Sys., Inc. v. Check Point Software Technologies, Inc., 269 F.3d 270, 279 (3d Cir. 2001). For Lotte to establish its laches defense, it must show "(1) inexcusable delay in bringing suit, and (2) prejudice to defendant as a result of the delay." Kaufhold v. Caiafa, 872 F. Supp. 2d 374, 379 (D.N.J. 2012). Judge Wettre found that Lotte had failed to identify with enough specificity how the information

8

provided by its purported non-party wholesaler and distributor witnesses would be material to the litigation. She noted that although California-based distributors could provide relevant information, Lotte did not provide the specific testimony, or the significance of the testimony to the litigation. In addition, Judge Wettre noted that the California-based witnesses' information would not be unique; Plaintiffs' own employees could readily provide the same information.

On appeal, Lotte has not pointed to any testimony or arguments as to the materiality of its non-party witnesses that Judge Wettre overlooked. Accordingly, Judge Wettre's finding that this factor does not favor transfer was not clearly erroneous.

iv. The Location of Books and Records

Lotte contends that Judge Wettre erred by concluding that the location of the parties' books and records in California did not favor transfer "in light of 'this day and age of electronically stored information.'" Def.'s Br. at 19.

Under Jumara, the location of books and records is only relevant to the transfer analysis "to the extent that the files could not be produced in the alternative forum." 55 F.3d at 879. In her Opinion, Judge Wettre noted that Lotte had not set forth any reasons why its documents—including those located in California—could not be produced in this District. On appeal, Lotte has not pointed to any reasons that it cannot produce documents in New Jersey. Accordingly, Judge Wettre's finding that this factor does not favor transfer was not clearly erroneous.

2. Public Interest Factors

i. Practical Considerations

This factor requires the Court to weigh "practical considerations that could make the trial easy, expeditious, or inexpensive." Jumara, 55 F.3d at 879. Lotte argues that because Lotte USA's witnesses work and live in the Central District of California, "[i]t would be decidedly impractical

9

to require all of these individuals to take cross-country flights and book rooms in hotels for trial." Def.'s Br. at 18-19.

However, Judge Wettre did note the parties' physical presence in California, and noted that it would not change her analysis beyond her consideration of the convenience of the parties. Opinion at 14. Beyond stating in broad strokes that "litigating this case in Central District of California is obviously less expensive," Lotte has not provided specific reasons why a trial in California would be more cost-effective than a trial in New Jersey. Moreover, as Judge Wettre noted elsewhere in her Opinion, witnesses of both parties are also located in New Jersey. As Glico points out, litigation in California could be just as expensive as both party witnesses from New Jersey and non-party witnesses from Washington, D.C. and Utah would need to travel. Pl.'s Opp'n at 18. Therefore, Judge Wettre was not clearly erroneous in finding that the practical considerations factor does not favor transfer.

ii.   Local Interest in Deciding Local Controversies

Lastly, Lotte argues that Judge Wettre "heavily and wrongly relied on the fact that Lotte USA is incorporated in New Jersey" to find that this factor did not favor transfer. Lotte's argument mischaracterizes Judge Wettre's Opinion. Judge Wettre acknowledged that the parties' main offices are located in California. She then considered Lotte's place of incorporation in New Jersey as a factor that indicates New Jersey's interest in the litigation.

Lotte also contends that the dispute is not "a distinct New Jersey controversy" as the "center of gravity" of the dispute lies in California. Def.'s Br. at 20. This is unavailing. As discussed under the private interest factors analysis above, this matter arises everywhere where the alleged "passing off" of the trademark occurred—including in New Jersey. Like in Culp v. NFL Prods. LLC, where the alleged infringing conduct was also national, the mere fact that a defendant is

10

located in a certain state does not give that state a greater interest. No. 13-7815, 2014 WL 4828189 (D.N.J. Sept. 29, 2014). Judge Wettre therefore did not err by finding that the local interests factor does not favor transfer.

In short, under the clearly erroneous standard of review, this Court must have the "definite and firm conviction that a mistake has been committed." Stephen L. LaFrance Pharmacy, Inc. v. Unimed Pharm., Inc., 2009 WL 3230206 (D.N.J. Sept.30, 2009) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)). Having considered the factors that Judge Wettre carefully delineated, this Court finds that no clear errors were made.

## IV. CONCLUSION

For the reasons set forth above, this Court **DENIES** Defendant Lotte's appeal and **AFFIRMS** Magistrate Judge Wettre's Order Denying Defendant's Motion to Transfer Venue.

**Dated: September 25, 2017**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**