NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EZAKI GLICO KABUSHIKI KAISHA and EZAKI GLICO USA CORPORATION, | Civil Action No. 15-5477 (MCA) (LDW) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. |  |
| LOTTE INTERNATIONAL AMERICA CORP., |  |
| Defendant. |  |

Before the Court is the motion of plaintiffs Ezaki Glico Kabushiki Kaisha ("Ezaki Glico Japan") and Ezaki Glico USA Corporation ("Ezaki Glico USA") to file a Second Amended Complaint, primarily to implead Lotte Confectionary Co. Ltd. ("Lotte Korea") as an additional defendant on plaintiffs' existing causes of action. (ECF No. 84). Defendant Lotte International America Corp. ("Lotte USA") opposes the motion. For the reasons set forth below, the motion to amend is **GRANTED.**[1]

This is a trademark infringement and unfair competition action concerning the parties' competing cookie stick products. Additional background has been set forth in previous decisions of this Court, familiarity with which is assumed. (*See* ECF Nos. 53, 55).

After this action was filed, Lotte USA and Lotte Korea filed a nearly mirror-image action against both Ezaki Glico USA and Ezaki Glico Japan in the United States District Court for the Central District of California, captioned *Lotte International America Corporation and Lotte*

---

[1]  The Court did not hold oral argument, pursuant to Federal Rule of Civil Procedure 78.

*Confectionary Co. Ltd. v. Ezaki Glico USA Corporation and Ezaki Glico Kabushiki Kaisha*, Civ. A. No. 8:15-cv-01320 (DOC) (JCG). In the California action, the claims asserted by Lotte USA and Lotte Korea include, *inter alia*, claims for declaratory judgment of trademark non-infringement, declaratory judgment that the Ezaki parties' trademarks are not enforceable, and unfair competition. (*Id.*, ECF No. 1). These claims mirror the trademark infringement and unfair competition claims that plaintiffs assert here. The California action was stayed pending the ultimate outcome of defendant's motion to transfer this action. (*Id.*, ECF No. 30).

Although plaintiffs filed this action in July 2015, the commencement of discovery was delayed by two motions—plaintiffs' motion to dismiss defendant's counterclaims in part and defendant's motion to transfer the action to the Central District of California. (*See* Civ. A. No. 15-5477, ECF Nos. 31, 43). The motion to dismiss was granted in December 2016 and the motion to transfer was denied in January 2017.[2] (ECF Nos. 53, 55). Subsequent to the decisions on those motions, the Court held an initial scheduling conference and entered a Pretrial Scheduling Order on March 13, 2017. The Court set a date to seek to amend pleadings of June 9, 2017. (ECF No. 63 ¶ 13). This was the date jointly proposed by the parties, including Lotte USA, in their Joint Proposed Discovery Plan to the Court. (ECF No. 60 ¶ 6(g)).

Plaintiffs sought leave within the June 9, 2017 deadline to file the instant motion to amend and subsequently filed this motion with the Court's leave. (ECF Nos. 80, 82, 84). They move to amend the Complaint to add Lotte Korea as a defendant, remove the declaratory judgment claims that were mooted by Judge Arleo's decision dismissing Lotte USA's false advertising counterclaims, and clarify that certain existing claims are being brought by both Ezaki Glico Japan

---

[2]     District Judge Madeline Cox Arleo denied Lotte USA's appeal of the transfer decision on September 26, 2017. (ECF No. 100).

and Ezaki Glico USA.[3] (ECF No. 84). Defendant opposes the motion insofar as plaintiffs seek to implead Lotte Korea as a defendant. (ECF No. 86).

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts grant leave to amend liberally in light of "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The United States Supreme Court has held that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *Id.* Regarding undue delay, delay alone "is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, the delay must have become "undue, placing an unwarranted burden on the court, or . . . prejudicial, placing an unfair burden on the opposing party" to warrant denial of a motion to amend. *Id.* (internal quotation marks omitted). "The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted." *Luppino v. Mercedes-Benz USA, LLC*, Civ. A. No. 09-5582 (DMC) (JAD), 2012 WL 850743, at *2 (D.N.J. Mar. 8, 2012).

Federal Rule of Civil Procedure 16 also provides that the district court must issue a scheduling order that, as relevant here, "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). This schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement places a burden on the party moving to amend after the deadline set forth in a

---

[3]     This action was initially filed only by Ezaki Glico Japan, but was amended prior to service to include Ezaki Glico USA as a plaintiff—hence the need for clarifying that certain claims are bought by both plaintiffs. (ECF Nos. 1, 9).

Rule 16 scheduling order to show that it exercised due diligence in obtaining the knowledge necessary to move to amend. *Smith v. Honeywell Intern., Inc.*, Civ. A. No. 10-3345 (ES) (JAD), 2014 WL 301031, at *6 (D.N.J. Jan. 27, 2014).

Here, defendant does not dispute that plaintiff moved to amend within the time required by the Initial Scheduling Order, which was also the deadline proposed by all parties. Therefore, the motion is not untimely under Rule 16 and is governed by Rule 15(a) only. *See In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, Civ. A. No. 08-2177 (DMC) (JAD), 2012 WL 406905, at *1 (D.N.J. Feb. 7, 2012). In addition, defendant does not oppose the motion on futility grounds. Accordingly, the issues before this Court are solely whether plaintiffs' motion was the result of undue delay, would prejudice defendants, or was filed in bad faith.

## I.    Undue Delay

Much of defendant's arguments concern plaintiffs' delay in filing the motion. As an initial matter, plaintiff's timeliness in seeking leave, within the deadline for amending pleadings proposed by the parties (including Lotte USA) and set by the Court pursuant to Rule 16, seems incongruous with Lotte USA's argument that plaintiffs delayed in filing this motion. *See, e.g., Astrazeneca AB v. Perrigo Co. PLC*, Civ. A. No. 15-1057 (MLC) (TJB), 2015 WL 8483298, at *4 (D.N.J. Dec. 8, 2015) ("The Court would find it difficult to hold that a motion filed within the deadline set by the Court and known to the parties was the product of undue delay."); *Ali v. DOC*, Civ. A. No. 08-2425 (FSH), 2008 WL 5111274, at *4 (D.N.J. Nov. 25, 2008) (finding no undue delay where plaintiff moved to amend within the deadline set by the Scheduling Order and no prejudice to defendants resulting from the timing of plaintiff's request).

To the extent that defendant's arguments regarding undue delay are not precluded by the timeliness of the motion under the Pretrial Scheduling Order, however, the Court finds them

unpersuasive. Defendant emphasizes that plaintiffs moved to amend about two years after they filed the Complaint, but this argument ignores the fact that the Court did not enter a discovery schedule (including the deadline for requests to amend) until March 2017 due to the motion to dismiss, the motion to transfer, and the need for discovery on the transfer issue. Given this history, and the fact that plaintiffs moved to amend only about three months into the discovery period and within the amendment deadline in the Pretrial Scheduling Order, the Court cannot conclude that the delay was unduly "prejudicial, placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (internal quotation marks omitted); *see also Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 99-100 (D.N.J. 2009) (granting motion for leave to amend to add one additional party filed four months after court ruled on pre-discovery summary judgment motion because plaintiff offered reason for delay, the motion was filed within the time prescribed by the Court's Scheduling Order, and defendants would not be prejudiced by amendment). There is nothing to suggest that Lotte USA will be unduly burdened by the amendment. *See Cureton*, 252 F.3d at 275 (explaining that delay may become undue if, for example, the "movant has had previous opportunities to amend" or moves to amend "after summary judgment has been granted . . . [and] the interests in judicial economy and finality of litigation may become particularly compelling (citing cases)).

Next, while defendant argues that it should have been obvious to plaintiffs from the commencement of this action that Lotte Korea was an appropriate defendant, plaintiffs provide a reasonable explanation for not having done so earlier. *See Adams*, 739 F.2d at 868 ("The question of undue delay . . . requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier . . . ."). Plaintiffs explain that they were not fully aware that they could not obtain full relief on their asserted claims solely from Lotte USA until receiving

Lotte USA's discovery responses. In these responses, Lotte USA represented that it lacked custody or control over responsive documents or information concerning the selection or adoption of its cookie stick design, selection or adoption of the product's packaging design, investigations into the right to use the selected design, and other information relevant to the parties' claims or defenses. (ECF No. 84-3 at 5). Defendant served its responses to plaintiffs' discovery requests on May 19, 2017, and on May 31, 2017, promptly after receipt of these responses, plaintiffs advised the Court that they would seek leave to amend. (ECF No. 80). Accordingly, given this explanation, the Court concludes that the delay here, if any, was not undue.

Defendant further argues that plaintiffs have unduly delayed in impleading Lotte Korea because plaintiffs knew of Lotte Korea's existence and role as a foreign manufacturer of its cookie stick products for years, and therefore should have known that it was a proper party to this action from the beginning. It points out that that the product packaging states that it is manufactured by Lotte Korea; that the parties' products have competed for many years in the United States; and that a Lotte Korea representative participated in pre-action settlement negotiations with plaintiffs. (ECF No. 86 at 3, 7-10). But as plaintiffs explain, although they knew of Lotte Korea's role in design and manufacturing of its products, and the fact that the products had been sold in the U.S. market for years, they were not fully aware of the extent of Lotte Korea's involvement in its U.S.-based business until recently. Plaintiffs assert that the packaging of defendant's products "merely indicates the foreign manufacturer . . . ; it does not indicate the principal actors involved in U.S. activities that would subject a company to liability in the [United States] for Lanham Act violations." (ECF No. 90 at 3). *See Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 279-80 (3d Cir. 2001) (listing factors necessary to establish a cause of action for trademark infringement under the Lanham Act, which would necessarily require consideration of

information relating to business activities in the United States). Plaintiffs' justifications for the timing of their motion confirm that there was no undue delay.

Similarly, the mere the existence of defendant's cookie stick products in the United States, for however long, "does not disclose the principal actors within the Lotte conglomerate involved in U.S. activities." (ECF No. 90 at 3-4). Defendant is conflating the facts relevant to its asserted laches defense with the knowledge plaintiffs required to determine the viability of legal claims in this action against Lotte Korea. Thus, plaintiffs have persuaded the Court that, contrary to the Lotte's assertions, they were not willfully blind to the need to implead Lotte Korea. Lotte USA had represented in May 2016 that Lotte Korea "conducts its business related to the sale of its cookie sticks through [Lotte USA]," (Cury Decl., ECF No. 85-3 at ¶ 3), suggesting that Lotte USA had knowledge of Lotte's U.S.-based activities that would subject it to trademark infringement claims. None of defendant's arguments demonstrate that plaintiff unduly delayed in seeking amendment.

## II. Prejudice

Even assuming that plaintiffs could have amended earlier, defendant fails to show that the timing of the proposed amendment will prejudice it. *See Formosa*, 259 F.R.D. at 100 ("While it is true that the court should look to the moving party's reasons for not moving to amend sooner, unless the delay at issue will prejudice the non-moving party, a movant need not establish a compelling reason for its delay."); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (explaining that "prejudice to the non-moving party is the touchstone for the denial of an amendment" (internal quotation marks omitted)). When evaluating prejudice, the Third Circuit considers whether amendment would impair the non-moving party's "ability to present its case." *Dente v. Saxon Mortg.*, Civ. A. No. 11-6933 (AET), 2012 WL 1664127, at *2 (D.N.J. May 11,

7

2012) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)). Specifically, it has considered whether the amendment would force the opponent to expend significant additional resources to conduct discovery and prepare for trial, as well as whether it would significantly delay resolution of the action. *See, e.g., Cureton*, 252 F.3d at 273.

Defendant primarily argues that it will be prejudiced by the delay resulting from plaintiffs having to serve Lotte Korea under the Hague Convention. (ECF No. 90 at 8). Such delay, however, is not sufficient *per se* to warrant denial of the motion. Plaintiffs moved to amend with nearly five months left before the fact discovery deadline. The Court may extend that deadline as appropriate to accommodate the addition of the new party. Furthermore, the amendment would add no new claims against the current defendant. Given that Lotte Korea is already a party to the California action and its participation in this action as a third party was anticipated from the start of discovery, efficiencies in moving discovery forward may be achieved with Lotte Korea's cooperation. But if Lotte Korea wishes despite its long-standing knowledge of this lawsuit and its joining as a plaintiff in the California action to await formal service of process via the Hague Convention before participating in this lawsuit in any respect (including by responding to discovery), it may certainly insist on compliance with the prescribed formalities. The Court in the exercise of its case management functions will ensure no party is prejudiced due to the delays that may result if Lotte Korea decides to await formal service of process under the Hague Convention.

The Court further notes that in the second-filed California action, Lotte Korea joined as a co-plaintiff with Lotte USA to assert claims for declaratory judgment of trademark non-infringement and unenforceability and unfair competition against both Ezaki Glico Japan and Ezaki Glico USA. As such, the Lotte parties plainly regard Lotte Korea as a necessary party to complete adjudication of the parties' trademark and unfair competition claims and presumably

have investigated the facts to be adduced during discovery on the trademark and related claims between the parties. In light of this history, defendant's complaint that adding Lotte Korea as a defendant would prejudice it becomes even weaker. The Court cannot conclude that defendant's ability to present its case will be prejudiced by the timing of the proposed amendment.

### III. Bad Faith or Dilatory Motive

Finally, defendant's arguments that plaintiffs acted in bad faith or with a dilatory motive by seeking to amend are unpersuasive. Apart from the alleged undue delay addressed above, defendant speculates that plaintiffs strategically waited to add Lotte Korea as a defendant to defeat defendant's impending motion to transfer, which it argues demonstrates bad faith. Specifically, defendant contends that adding Lotte Korea as a defendant would have increased the likelihood of transfer to California, "as Lotte Korea is far closer to California than New Jersey." (ECF No. 86 at 11). This speculation is not well-founded. At the time of the transfer motion, the Court anticipated that Lotte Korea would be a significant fact witness and, consequently, considered explicitly in the transfer decision its geographical proximity to the proposed fora of California and New Jersey. Whether or not Lotte Korea was a party at the time was not significant to the Court's ruling on the transfer motion. Defendant has not shown that plaintiffs acted in bad faith or with a dilatory motive.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint is **GRANTED**.

Dated: October 3, 2017.

Leda Dunn Wettre, U.S.M.J.

cc: Hon. Madeline C. Arleo, U.S.D.J.