Roy H. Wepner
Charles P. Kennedy
Natalie S. Richer
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:  908.654.5000
Fax:  908.654.7866

*Attorneys for Plaintiffs Ezaki Glico Kabushiki Kaisha
d/b/a Ezaki Glico Co., Ltd., and Ezaki Glico USA Corporation*

**Document Filed Electronically**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EZAKI GLICO KABUSHIKI KAISHA d/b/a EZAKI GLICO CO., LTD., a Japanese Corporation, and EZAKI GLICO USA CORPORATION, a California Corporation, | Civil Action No. 15-5477-MCA-LDW <br><br> District Judge Madeline Cox Arleo <br> Magistrate Judge Leda Dunn Wettre |
| Plaintiffs, | |
| *v.* | |
| LOTTE INTERNATIONAL AMERICA CORP., a New Jersey Corporation, and LOTTE CONFECTIONARY CO. LTD., a Korean Limited Liability Company, | |
| Defendants. | |

## SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Ezaki Glico Kabushiki Kaisha d/b/a Ezaki Glico Co., Ltd. ("Ezaki Glico Japan") and Ezaki Glico USA Corporation ("Ezaki Glico USA") (collectively "Plaintiffs"), by their undersigned attorneys, hereby submit this Second Amended Complaint against Defendants Lotte International America Corp. ("Lotte IA") and Lotte Confectionary Co. Ltd. ("Lotte Korea") (collectively "Defendants"), and allege as follows:

5139378_1.docx

## PARTIES

1. Ezaki Glico Japan is a corporation organized under the laws of Japan with its principal place of business at 4-6-5, Utajima, Nishiyodogawa-ku, Osaka City, Osaka Prefecture 555-8502, Japan.

2. Ezaki Glico USA is a California corporation with a place of business at 17780 Fitch Street, Suite 140, Irvine, California 92614. Ezaki Glico USA is a wholly owned subsidiary of Ezaki Glico Japan.

3. On information and belief, Defendant Lotte IA is a New Jersey corporation with headquarters at 100 Challenger Road, Suite 710, Ridgefield Park, New Jersey 07660. On information and belief, Lotte IA is a wholly owned subsidiary of Lotte Korea.

4. On information and belief, Defendant Lotte Korea is a Korean limited liability company with its principal place of business at #10 Yangpyeong-ro, 21-gil, Yeongdeunpo-gu, Seoul, South Korea.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement and unfair competition, and includes claims arising under the provisions of the Trademark Laws of the United States of America and Title 15 of the United States Code. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Subject matter jurisdiction over Plaintiffs' claims is conferred upon this Court by 15 U.S.C. §§ 1119 and 1121(a), and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has supplemental jurisdiction over any factually related state law issues in this dispute pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

7. Defendant Lotte IA is subject to the personal jurisdiction of this Court under the laws of the State of New Jersey and Rule 4 of the Federal Rules of Civil Procedure because Defendant Lotte IA is a resident of this judicial district.

8. Upon information and belief, Defendant Lotte Korea conducts its business related to the sale of the products which are the subject of this action through Lotte IA.

9. In addition, upon information and belief, Defendant Lotte Korea itself sells the products which are the subject of this lawsuit in the United States, including directly to customers in the State of New Jersey.

10. Consequently, the Court has specific personal jurisdiction over Defendant Lotte Korea due to its purposeful acts and transactions within and directed toward the State of New Jersey, which give rise to Plaintiffs' claims for relief. Alternatively, the Court has specific personal jurisdiction over Lotte Korea due to its use of Lotte IA, a resident of this judicial district, as its agent and/or alter ego.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), 1391(c)(2) and 1391(c)(3).

## GENERAL ALLEGATIONS

12. Beginning at least as early as 1966, Ezaki Glico Japan has marketed and sold biscuit sticks coated in chocolate, cream, and/or almond pieces under the brand name "POCKY."

13. Ezaki Glico Japan began marketing and selling its POCKY products in commerce in the United States at least as early as August 1978.

14. Ezaki Glico USA is the exclusive distributor of the POCKY products in the United States.

15.     Ezaki Glico Japan's POCKY products generate sales totaling more than $15,000,000 per year in the United States, and are sold in commerce nationwide in specialty Asian food stores as well as national retail stores including, but not limited to, Walmart, Target, and Costco, as well as through online retailers such as Amazon.com.

16.     Ezaki Glico Japan is the owner of the following relevant product configuration trademarks (collectively "the Ezaki Glico Marks") for the POCKY products that have been registered with the United States Patent and Trademark Office:

| REG. NO. | MARK | GOODS AND SERVICES |
|---|---|---|
| 1,527,208 | | Chocolate covered candy stick (in International Class 030) (registered on February 28, 1989) |
| 1,986,404 | | Biscuit in the form of a stick, covered with chocolate or cream and almonds (in International Class 030) (registered on July 9, 1996) |
| 2,615,119 | | Biscuit stick partially covered with chocolate or cream in which are mixed crushed pieces of almond (in International Class 030) (registered on September 3, 2002) |

17.     A true and correct copy of printouts from the United States Patent and Trademark Office TESS database evidencing each of the federal registrations of the Ezaki Glico Marks is attached hereto as Exhibits 1-3, respectively.

18.     The Ezaki Glico Marks have been in continuous use in interstate commerce since the listed date of first use in commerce of each federal registration.

19. The Ezaki Glico Marks are distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the marks, through Plaintiffs' efforts of promoting their goodwill and reputation in the relevant marketplace.

20. All of the federal registrations for the Ezaki Glico Marks are in full force and effect, and Registration Nos. 1,527,208 and 2,615,119 are incontestable.

21. Federal Registration Nos. 1,527,208 and 2,615,119 constitute constructive notice to Defendants of Ezaki Glico Japan's ownership of those Ezaki Glico Marks in connection with the goods identified in the registrations.

22. As a result of Plaintiffs' continuous use of the Ezaki Glico Marks, the Ezaki Glico Marks have become assets of substantial value as distinctive nonfunctional indicators of the origin and quality of Ezaki Glico Japan's products.

23. By their continuous use of the Ezaki Glico Marks, Plaintiffs have developed significant and valuable goodwill in the eyes of the consuming public.

24. Defendants have adopted and are using the identical product designs on their chocolate covered biscuit stick products (marketed under the brand name "Pepero") which are sold in commerce in various locales in the United States at specialty Korean food stores, and more recently, at larger retail chains such as Ralph's in California, as well as through online retailers such as Amazon.com.

25. The copied designs used by Defendants in their Pepero product are as follows:

Original Pepero



5139378_1.docx

Almond Pepero



26.     Defendants' product designs are identical to, and confusingly similar to, the Ezaki Glico Marks.

27.     Defendants' product designs are likely to cause confusion as to the source, sponsorship, authorization, or affiliation of Defendants' products and services with Plaintiffs due to the identical nature of the designs as well as the identical nature of the goods.

28.     Upon information and belief, Defendants had actual knowledge of Ezaki Glico Japan's exclusive rights in the Ezaki Glico Marks and persisted in their infringement notwithstanding said knowledge.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement In Violation Of The Lanham Act — 15 U.S.C. § 1114

29.     Plaintiffs incorporate by reference all previous allegations of this Second Amended Complaint as if specifically set forth herein.

30.     Defendants' unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

31.     Defendants' use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Ezaki Glico Japan, and Ezaki Glico Japan has no adequate remedy at law for the damage to its reputation and goodwill. Ezaki Glico Japan will continue to be irreparably damaged unless Defendants are permanently enjoined from their infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

5139378_1.docx

32. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Ezaki Glico Japan is entitled to recover Defendants' profits and any damages Ezaki Glico Japan has sustained, in an amount to be assessed by the Court.

### SECOND CLAIM FOR RELIEF
### Federal Unfair Competition/False Designation Of Origin In Violation Of The Lanham Act — 15 U.S.C. § 1125(a)

33. Plaintiffs incorporate by reference all previous allegations of this Second Amended Complaint as if specifically set forth herein.

34. Defendants have used the Ezaki Glico Marks in interstate commerce to falsely represent, describe, and designate the origin of their products and services in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, and association of Defendants with Plaintiffs, and the origin, sponsorship, endorsement, or approval of Defendants' products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

35. Plaintiffs believe that they are or are likely to be damaged by the acts of Defendants described above.

36. Defendants' use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Plaintiffs, and Plaintiffs have no adequate remedy at law for the damage to their reputation and goodwill. Plaintiffs will continue to be irreparably damaged unless Defendants are permanently enjoined from their infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

37. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiffs are entitled to recover Defendants' profits and any damages Ezaki Glico Japan has sustained, in an amount to be assessed by the Court.

### THIRD CLAIM FOR RELIEF
### Unfair Competition Under New Jersey Common Law

38. Plaintiffs incorporate by reference all previous allegations of this Second Amended Complaint as if specifically set forth herein.

39. The aforementioned acts of Defendants constitute unfair competition and unfair business practices contrary to the common law of New Jersey.

40. Unless enjoined by this Court, Defendants will continue their unlawful use of the Ezaki Glico Marks, or colorable imitations thereof. Defendants' unlawful use has and will continue to cause immediate and irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.

41. As a result of Defendants' acts, Plaintiffs are entitled to damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### Trademark Infringement Under New Jersey Common Law

42. Plaintiffs incorporate by reference all previous allegations of this Second Amended Complaint as if specifically set forth herein.

43. Defendants' unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, as alleged is likely to cause confusion, mistake, or deception in the relevant marketplace, and constitutes trademark infringement under the common law of New Jersey.

44. Unless enjoined by this Court, Defendants will continue their unlawful use of the Ezaki Glico Marks, or colorable imitations thereof. Defendants' unlawful use has and will continue to cause irreparable harm to Ezaki Glico Japan for which Ezaki Glico Japan has no adequate remedy at law.

45. As a result of Defendants' acts, Ezaki Glico Japan is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Unfair Competition In Violation Of N.J.S.A. 56:4-1 And 2

46. Plaintiffs incorporate by reference all previous allegations of this Second Amended Complaint as if specifically set forth herein.

47. The Ezaki Glico Marks constitute and represent names, brands, trademarks, and reputations and goodwill in connection with Ezaki Glico Japan's POCKY products.

48. Defendants' use of the Ezaki Glico Marks is likely to deceive and confuse the public into believing that they are purchasing goods and services sponsored or approved by Plaintiffs. Moreover, in engaging in the conduct set forth above, Defendants have misappropriated for their own the trademarks, reputation, and goodwill of Plaintiffs.

49. Defendants' acts constitute unfair competition in violation of N.J.S.A. 56:4-1

50. As a result of Defendants' acts, Plaintiffs are entitled to injunctive relief and damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A. that Defendants are liable to Ezaki Glico Japan for trademark infringement in violation of 15 U.S.C. § 1114;

B. that Defendants are liable to Plaintiffs for unfair competition/false designation of origin in violation of 15 U.S.C. § 1125(a);

C. that Defendants are liable to Plaintiffs for unfair competition in violation of the common law of the State of New Jersey;

D. that Defendants are liable to Ezaki Glico Japan for trademark infringement in violation of the common law of the State of New Jersey;

E. that Defendants are liable to Plaintiffs for violation of N.J.S.A. 56:4-1 and 2;

F. entry of a preliminary and/or permanent injunction enjoining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from further acts of trademark infringement, unfair competition, or false designation of origin;

G. an award to Plaintiffs of (1) Defendants' profits, (2) actual damages sustained, and (3) the costs of this action;

H. an award of a sum above the amount found as actual damages, not exceeding three times such amount;

I. an award to Plaintiffs of all damages, directly or indirectly caused, by Defendants for their violation of N.J.S.A. 56:4-1 and 2, and that said damages be trebled by the court;

J. an award of Plaintiffs' reasonable attorney fees;

K. an order that Plaintiffs be granted prejudgment and postjudgment interest on the judgment awarded by the Court; and

L. such other relief as the Court determines to be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by a jury on all issues so triable.

                                          Respectfully submitted,

                                          LERNER, DAVID, LITTENBERG,
                                          KRUMHOLZ & MENTLIK, LLP
                                          *Attorneys for Plaintiffs Ezaki Glico*
                                          *Kabushiki Kaisha d/b/a Ezaki Glico Co., Ltd.*
                                          *and Ezaki Glico USA Corporation*

Dated: October 4, 2017                   By: s/ Roy H. Wepner
                                            Roy H. Wepner
                                            Tel:      908.654.5000
                                            E-mail:  rwepner@lernerdavid.com
                                                            litigation@lernerdavid.com

**OF COUNSEL**

Steven M. Levitan (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
4085 Campbell Avenue
Suite 100
Menlo Park, CA 94025
Tel:   650.463.4000
Fax:   650.463.4199

James R. Cady (admitted *pro hac vice*)
Birte Hoehne Mahyera (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
3 Embarcadero Center
Suite 1500
San Francisco, CA 94111
Tel:   415.374.2300
Fax:   415.374.2499

Anna Kurian Shaw (admitted *pro hac vice*)
Katherine Bastian Phillips (admitted *pro hac vice*)
Lauren B. Cury (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Tel:   202.637.5600
Fax:   202.637.5910

**AMENDED CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

  The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, except for the action entitled *Lotte International America Corp. et al. v. Ezaki Glico USA Corp. et al.,* Civil Action No. 8:15-cv-01320 (C.D. Cal.), neither Plaintiffs nor Plaintiffs' attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject. The action identified in Plaintiffs' original Rule 11.2 certification is no longer pending.

Dated:  October 4, 2017
            LERNER, DAVID, LITTENBERG,
             KRUMHOLZ & MENTLIK, LLP
            *Attorneys for Plaintiffs Ezaki Glico*
            *Kabushiki Kaisha d/b/a Ezaki Glico Co., Ltd*
            *and Ezaki Glico USA Corporation*

            By:  s/ Roy H. Wepner
              Roy H. Wepner
              Tel: 908.654.5000
              E-mail:   rwepner@lernerdavid.com
                   litigation@lernerdavid.com