*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

Roy H. Wepner
Charles P. Kennedy
Natalie S. Richer
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: 908.654.5000
Fax: 908.654.7866

**OF COUNSEL**
Steven M. Levitan (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
4085 Campbell Avenue
Suite 100
Menlo Park, CA 94025
Tel: 650.463.4000
Fax: 650.463.4199

*Attorneys for Plaintiffs Ezaki Glico Kabushiki Kaisha, d/b/a Ezaki Glico Co., Ltd. and Ezaki Glico USA Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EZAKI GLICO KABUSHIKI KAISHA, d/b/a | : |
| EZAKI GLICO CO., LTD., and | : Civil Action No. 15-5477-MCA-LDW |
| EZAKI GLICO USA CORPORATION, | : |
| | : District Judge Madeline Cox Arleo |
| Plaintiffs | : Magistrate Judge Leda Dunn Wettre |
| | : |
| v. | : Return Date: November 5, 2018 |
| | : Time: 10:00 am |
| LOTTE INTERNATIONAL AMERICA CORP. | : |
| and LOTTE CONFECTIONERY CO. LTD. | : **ORAL ARGUMENT REQUESTED** |
| | : |
| Defendants. | : |
| | : |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF PRIOR USE AND FRAUD

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

## TABLE OF CONTENTS

Page

I.   Laches Is Not Available to Lotte ███████████....................................... 2

II.  Summary Judgment Is Warranted on Lotte's Affirmative Defense of Prior Use .............. 4

    a.  Lotte's Statutory Prior Use Defense Must Be Evaluated on its Own
    Merits ....................................................................................4

    b.  Lotte Cannot Claim Evidentiary Prejudice ████████████
    ███████████████████████████████
    ████████████████████......................................4

    c.  Lotte Should Be Precluded From Asserting its 15 U.S.C.§1115(b)(5)
    Prior Use Defense Because It Failed to Properly Plead or Identify the
    Defense ....................................................................................6

    d.  Lotte Cannot Prove the Required Elements of its Prior Use Defense ....................7

        i.   ████████████████████████████████e-
        ███████████████. .......................................7

        ii.  Lotte Had Constructive Notice of Glico's Pocky Product
        Configuration Trademark ██████████████████
        ██.................................................................9

        iii. Lotte Cannot Prove the Geographic Scope of Its Pepero Sales .................12

        iv.  ████████████████████████████████ ........................12

III. Summary Judgment Is Warranted on Lotte's Affirmative Defense of Fraud.................. 13

    a.  Lotte's "Evidence" That Glico Made Knowingly False Statements to the
    PTO in Connection with the Prosecution of the '208 Registration Is
    Non-Existent ............................................................................14

    b.  Lotte Has Not Identified a Shred of Evidence that Glico had an Intent to
    Deceive ....................................................................................16

    c.  Lotte Abandoned Its Fraud Defense As To Glico's '404 and '119
    Registrations ............................................................................17

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.,*
No. 11-CV-01846-LHK, 2012 WL 3155574, (N.D. Cal. Aug. 2, 2012)… ...................……....…6

*Astrazeneca AB v. Mut. Pharm. Co.,*
278 F. Supp. 2d 491 (E.D. Pa. 2003) ......................................................................... 7

*Citibank, N.A. v. Citibanc Grp., Inc.,*
724 F.2d 1540 (11th Cir. 1984) .....................................................................4

*Conan Props., Inc. v. Conans Pizza, Inc.,*
752 F.2d 145 (5th Cir. 1985) ........................................................................5

*DC Comics v. Towle,*
802 F.3d 1012 (9th Cir. 2015) .......................................................................2

*Elvis Presley Enters., Inc. v. Capece,*
141 F.3d 188 (5th Cir. 1998) ........................................................................5

*Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.,*
897 F.3d 413 (2d Cir. 2018)....................................................................16,17

*Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.,*
219 F.3d 104 (2d Cir. 2000)..........................................................................2

*James Burroughs Ltd. v. Sign of the Beefeater, Inc.,*
*572 F.2d 574 (7th Cir. 1978)* ............................................................. ...…..…5

*La Cena Fine Foods, Ltd. v. Jennifer Fine Foods,*
No. CIV.A.01CV5746(JLL), 2006 WL 2014503 (D.N.J. July 18, 2006) ....................…..14, 15

*Langbord  v. U.S. Dep't of Treasury,*
832 F.3d 170 (3d Cir. 2016) ....................................................................10, 15

*Langbord  v. U.S. Dep't of Treasury,*
137 S. Ct. 1578, 197 L. Ed. 2d 704 (2017) ............................................................10

*Martal Cosmetics, Ltd. v. Int'l Beauty Exch. Inc.,*
No. 01CV7595TLMJO, 2010 WL 2179022 (E.D.N.Y. May 28, 2010) ............................16,17

*Members First Fed. Credit Union v. Members 1st Fed. Credit Union,*
54 F. Supp. 2d 393 (M.D. Pa. 1999) ................................................................12

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

*Menendez v. Holt*,
128 U.S. 514 (1888) ..........................................................................................2

*Philip Morris, Inc. v. Imperial Tobacco Co. (of Great Britain and Ireland), Ltd.*,
251 F. Supp. 362 (E.D. Va. 1965) .................................................................4, 6

*Primepoint, L.L.C. v. PrimePay, Inc.*,
545 F. Supp. 2d 426 (D.N.J. 2008) ............................................................14, 16

*Roederer v. J. Garcia Carrion, S.A.*,
569 F.3d 855 (8th Cir. 2009) .........................................................................4, 6

*Sanofi-aventis Deutschland GmbH v. Glenmark Pharms. Inc.*,
No. 07-CV-5855, 2010 WL 2652412 (D.N.J. July 1, 2010)..............................6

*Saxlehner v. Eisner & Mendelson Co.*,
179 U.S. 19 (1900) ..........................................................................................2

*Versa Products Co., Inc. v. Bifold Co. (Mfg.) Ltd.*,
50 F.3d 189 (3d Cir. 1995)..............................................................................12

**Statutes**

15 U.S.C. § 1052(f) ...............................................................................................16

15 U.S.C. § 1072 .....................................................................................................9

15 U.S.C. § 1115(b) .................................................................................................4

15 U.S.C. § 1115(b)(5) .................................................................................. *passim*

**Rules and Regulations**

37 C.F.R. § 2.41(a)(2) ...........................................................................................16

Fed. R. Civ. P. 12(h)(2)...........................................................................................7

Fed. R. Evid. 803(16)............................................................................................10

Fed. R. Evid. 804 ..................................................................................................11

Fed. R. Evid. 805 ..................................................................................................10

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

## TABLE OF ABBREVIATIONS

**The Parties**

Plaintiff Ezaki Glico Kabushiki Kaisha
(d/b/a Ezaki Glico Co. Ltd.) ...................................................................Glico Japan

Plaintiff Ezaki Glico USA Corp.  .................................................................Glico USA

Plaintiffs Glico Japan and Glico USA  ...................................................................Glico

Defendant Lotte Confectionery Co., Ltd.  ...................................................... Lotte Korea

Defendant Lotte International America Corp.  ......................................................... Lotte America

Defendants Lotte Korea and Lotte America  ........................................................Lotte

**Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs' Memorandum of Points and Authorities In Support of Plaintiffs' Motion for Partial Summary Judgment ……………………………………………………………Dkt. 227

Plaintiffs' Local Civil Rule 56.1 Statement of Undisputed Material Facts In Support of Motion for Partial Summary Judgment……………………………………………………Dkt. 227-1

Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment…………………………………………………………………….....Dkt. 257 or Opp.

Defendants' Responsive Statement of Disputed Facts and Supplemental Statement of Undisputed Material Facts……………………………………………………………......Dkt. 257-1

Declaration of Mary D. Hallerman In Support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment………………………………………...………………Dkt. 258

**Defendants' Motion for Summary Judgment**

Defendants' Memorandum of Law In Support of Defendants' Motion for Summary Judgment ……………………………………………………………………………………..Dkt. 228

Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment……………………………………………………………………..Dkt. 228-1

Declaration of Mary D. Hallerman In Support of Defendants/Counterclaimants Motion for Summary Judgment…………………………………………………………………Dkt. 229

Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment……………………………………………………………………..Dkt. 247

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

Plaintiffs' Supplemental Statement of Undisputed Material Facts In Opposition to Defendants' Motion for Summary Judgment And Response to Defendants' Statement of Undisputed Material Facts………………………………………………………...………………………...Dkt. 247-1

Declaration of Aaron S. Oakley In Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment………………………………………………………………….…Dkt. 248

**Other Abbreviations**

U.S. Patent & Trademark Office.................................................................................................PTO

U.S. Trademark Registration No. 1,527,208…………………………………..….'208 registration

U.S. Trademark Registration No. 1,986,404……………………………...…………'404 registration

U.S. Trademark Registration No. 2,615,119…………………………………..….…'119 registration

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

Lotte's Opposition brief ("Opp.") (Dkt. 257) leaves no doubt that summary judgment is warranted, and that Lotte's defenses of prior use and fraud should be dismissed with prejudice.

The overarching theme of Lotte's Opposition seems to be that, because of a completely different defense—laches—Lotte is not required to present evidence to support its affirmative defenses of prior use and fraud.  Even after Glico exposed these defenses as devoid of support, Lotte suggests that it should still be allowed to pursue them *through trial*, without evidence. Lotte's position is contrary to the purposes of summary judgment, and would waste the time and resources of the Court, the jury, and the parties, by litigating defenses that have no merit.

Laches does ***not*** bar this action (*see* Dkt. 247 at 29-38), and it cannot save these separate defenses for multiple reasons.  Contrary to Lotte's assertions, highly relevant documents do exist, and were produced by Lotte, from the timeframes pertinent to the defenses at issue on this motion, and these documents prove that the supporting evidence Lotte claims it is not able to present due to evidentiary prejudice, in fact, ***never actually existed in the first place***.  Lotte cannot rely on laches in any event, ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

With its erroneous "evidentiary prejudice" excuse stripped away, Lotte's prior use and fraud defenses do not hold up to the barest scrutiny.  Despite bearing the burden of proof, Lotte admits that it cannot prove all the required elements of its statutory defense of prior use under 15 U.S.C. § 1115(b)(5) of the Lanham Act.[1]  *See* Opp. at pp.1, 7. ██████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[1] Lotte now argues prior use based solely on the statutory exception to incontestability of 15 U.S.C. § 1115(b)(5) and, therefore, has waived any other theories of prior use.  *See* Dkt. 257.

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Similarly, regarding Lotte's defense of

fraud on the PTO, the evidence shows that Glico's declarations of substantially exclusive use

were truthful; Lotte cannot prove that Glico made any false statements of material fact, or that

Glico had any intent to deceive, in connection with the prosecution of its '208 registration; and

Lotte has now abandoned its fraud defense as to Glico's '404 and '119 registrations.

## I.      Laches Is Not Available to Lotte ████████████████████

Lotte cannot assert the equitable doctrine of laches, either as an affirmative defense or as

an excuse for its lack of evidence, ████████████████████████████

The Supreme Court has long held that laches will not bar relief when the accused infringer

intends to trade on the reputation of the mark owner. *Menendez v. Holt*, 128 U.S. 514, 523

(1888) ("The intentional use of another's trade-mark is a fraud . . . .  Mere delay or acquiescence

cannot defeat the remedy by injunction in support of the legal right . . . ."); *Saxlehner v. Eisner &*

*Mendelson Co*., 179 U.S. 19, 38, 39–41 (1900) (enjoining defendants' use of confusingly similar

trade dress, which they intentionally adopted for the purpose of obtaining the mark owners good

will, despite an eight-year delay in bringing suit).  That rule survives today as "a dispositive,

threshold inquiry that bars further consideration of the laches defense . . . ."  *Hermes Int'l v.*

*Lederer de Paris Fifth Ave., Inc*., 219 F.3d 104, 107 (2d Cir. 2000) (reversing district court's

application of laches after nineteen year delay when defendants intended the infringement); *see*

*also DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015) ("This doctrine [of laches] does

not apply, however, in cases of willful infringement.") (affirming district court's finding of no

laches when defendant admitted to adopting the mark); *Bd. of Supervisors for La. State Univ. Ag.*

*& Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465,489–90 (5th Cir. 2008) ("A defendant who

2

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

intentionally infringes a trademark with the bad faith intent to capitalize on the markholder's

good will lacks the clean hands necessary to assert the equitable defense [of laches].").

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████ ██████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████ ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████.

<hr />

[2] Lotte's Opposition cross-cites to filings regarding its own affirmative summary judgment
motion, and thus Glico does likewise.

[3] ████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████

3

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

Of course, as detailed in Dkt. 247 at 29-38, there are multiple other reasons why Lotte cannot rely on laches.  The evidence shows that Glico was diligent in bringing this suit (Dkt. 247 at 31–34) and there has been no cognizable prejudice to Lotte.  *Id.* at 34–36.  And in any event, laches would not bar injunctive relief (*id.* at 36–37), or Glico's state law claims.  *Id.* at 37–38.

## II.     Summary Judgment Is Warranted on Lotte's Affirmative Defense of Prior Use

### a.   Lotte's Statutory Prior Use Defense Must Be Evaluated on its Own Merits

Lotte cannot evade the burden of proving each element of its statutory prior use defense (which, even if applicable, would merely rebut the incontestability of Glico's federal registrations, but is not a complete defense to infringement, Dkt. 227 at 13).  *Philip Morris, Inc. v. Imperial Tobacco Co*. *(of Great Britain and Ireland), Limited*, 251 F. Supp. 362, 379, (E.D. Va. 1965), *decision supplemented*, 282 F. Supp. 931, 156 (E.D. Va. 1967), *judgment aff'd*, 401 F.2d 179 (4th Cir. 1968*)* (defendant has burden of proving the elements of 15 U.S.C. § 1115(b)).[4]

### b.   Lotte Cannot Claim Evidentiary Prejudice ██████████████████

████████████████████████████████████████████████ ██████████████████████████████████████

Lotte's reliance on "evidentiary prejudice" is also foreclosed ██████████████████ ████████████████████████████████████████████████████

███████████ "[C]ourts tend to reject a defendant's assertion of the laches defense when the defendant knew that the plaintiff objected to the use of the mark."  *Roederer v. J. Garcia Carrion, S.A*., 569 F.3d 855, 859 (8th Cir. 2009); *Citibank, N.A. v. Citibanc Grp., Inc*., 724 F.2d 1540, 1546–47 (11th Cir. 1984) ("During the entire period, defendants knew of plaintiff's objections but nevertheless proceeded to enlarge their use of the term.  These actions were taken

---

[4] Neither of the cases cited by Lotte warrant a different conclusion; they found only that laches could bar *the plaintiff's* claims and/or evidence (under the facts of those cases), but said nothing about laches excusing a lack of evidence for other affirmative defenses. *Joint Stock Soc'y v. UDV N. Am., Inc*. 53 F. Supp. 2d 692, 717 (D. Del. 1999), *aff'd*, 266 F.3d 164 (3d Cir. 2001); *Ramirez v. United Parcel Serv*., No. CIV.A.06-1042, 2010 WL 1994800, at *7 (D.N.J. May 17, 2010).

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

with the complete realization that the plaintiff disputed their use and did not intend to acquiesce in it.") (rejecting laches when accused infringers were on notice of the mark owner's objection). Any action or further investment that occurs after receipt of a cease and desist letter is at the infringer's own risk. *Conan Props., Inc. v. Conans Pizza, Inc*., 752 F.2d 145, 151–52 (5th Cir. 1985) (actions taken after receiving a cease and desist letter are "at [the defendant's] own peril, without the defenses of laches and acquiescence"); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998) ("Any acts after receiving a cease and desist letter are at the defendant's own risk because it is on notice of the plaintiff's objection to such acts."); *see also James Burroughs Ltd. v. Sign of the Beefeater, Inc.*, 572 F.2d 574, 578 (7th Cir. 1978) (allowing relief as to all actions taken after accused infringer was on notice of mark owners claim).

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*



*See Roederer*, 569 F.3d at 857–58, 860 (finding laches inapplicable notwithstanding a delay from 1995 to 2006 when the defendant "was (or should have been) on notice that [the mark owner] objected to the use of the . . . mark.")

*Sanofi-aventis Deutschland GmbH v. Glenmark Pharms. Inc*., No. 07-CV-5855, 2010 WL 2652412, at *3 (D.N.J. July 1, 2010) (a litigant "is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation.").

### c. Lotte Should Be Precluded From Asserting its 15 U.S.C.§1115(b)(5) Prior Use Defense Because It Failed to Properly Plead or Identify the Defense

The proponent of the statutory prior use exception to incontestability bears the burden of pleading and proving each of the required elements of the defense. *See Philip Morris,* 251 F. Supp. at 379; 15 U.S.C. § 1115(b)(5). Lotte failed to adequately plead this defense here. Lotte's Answer stated only that "Plaintiffs' claims are barred by the prior user defense" and did not mention any of the required elements of the statutory exception. *See* Dkt. 117. In addition, Lotte's contention interrogatory response on the topic of its prior use defense improperly failed to disclose this theory of prior use. *See* Dkt. 227-1, ¶¶ 67-76; Dkt. 227-35, No. 21; *Apple, Inc. v. Samsung Elecs. Co*., No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012)("…Samsung will not be permitted to argue, through fact witnesses or otherwise, for

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

invalidity of design patents, non-infringement of design patents, or lack of distinctiveness of trade dress based on theories not timely disclosed in Samsung's amended responses to contention interrogatories").  Lotte's response, in fact, made no mention of 15 U.S.C. § 1115(b)(5), and failed to recite Lotte's contentions as to each element of the statutory prior use exception.[5]  Dkt. 227-1, ¶¶ 73-75; Dkt. 227-35.  Lotte's hide-the-ball tactics impaired Glico's discovery efforts. Specifically, Lotte's failure to disclose the nature of the defense prevented Glico from questioning Lotte's witnesses about the facts underlying each element of the statutory exception (and from serving more pointed interrogatories).  As a result, Lotte should be precluded from asserting this theory of prior use.  *See Astrazeneca AB v. Mut. Pharm. Co.,* 278 F. Supp. 2d 491, 506 (E.D. Pa. 2003).

### d.  Lotte Cannot Prove the Required Elements of its Prior Use Defense

Lotte acknowledges that, to succeed on the statutory prior use exception to incontestability, it must prove that it continuously used the Pepero product configuration in a defined geographic location prior to February 28, 1989, the registration date of Glico's Pocky product configuration trademark. Opp. p. 3.  However, Lotte cannot prove these required elements, and so summary judgment is unavoidable.  Opp. p. 7. ███████████████

████████████████████████████████████████████████

      **i.**   ███████████████████████████████
            ███████████████

█████████████████████████████████████

████████████████████████████████████████

---

[5] Glico did not challenge the sufficiency of Lotte's pleading, because it believed that Lotte was asserting an entirely different "common law" prior use theory until *after* the close of fact discovery.  *See* Dkt. 205.  Regardless, Glico has not waived its objection to Lotte's deficient pleading, as Fed. R. Civ. P. 12(h)(2), states that "Failure to…state a legal defense to a claim may be raised [as late as] (C) at trial."

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

████████████████████████ Lotte blames its lack of evidence of earlier sales on Glico's

alleged delay in filing suit, arguing that this evidence must have been lost over the years.  Opp. at

8-9.  But this is not a case where sales records have gone missing.  ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

t████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

        ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Lotte cannot now, and could not before, have proved sales of Pepero in the U.S. prior to February 28, 1989, negating several essential elements of its prior use defense.

      **ii.**    **Lotte Had Constructive Notice of Glico's Pocky Product Configuration Trademark** ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ As a result, Lotte had constructive notice of Glico's Pocky product configuration at the time it started selling Pepero in the U.S.  15 U.S.C. § 1072*; Kinark Corp. v. Camelot*, Inc., 548 F. Supp. 429, 437 (D.N.J. 1982)(registration provides constructive notice of ownership of mark).

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

9

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

███████████████████████████████████████████████████████

███████████████████████████████████████████ ▪  ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

Lotte argues that EZAKI0184924 is admissible under the ancient documents exception to hearsay in Fed. R. Evid. 803(16) (*see* Opp. p. 5).  Lotte misses the point.  That rule does not admit all statements within an ancient document.  *See Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 191 (3d Cir. 2016), c*ert. denied*, 137 S. Ct. 1578 (2017)(noting that while a document might be admissible under FRE 803(16), that does not necessarily justify admitting hearsay contained therein because "there is no guarantee that a hearsay statement contained in the ancient document is accurate.").  Thus, even if this document were admissible generally, it would not be admissible to prove that sales of Pepero actually took place, as there is no indication that the author of the document had personal knowledge of its contents.  Fed. R. Evid. 602; Dkt. 227-1, ¶ 70; Dkt. 227-36; *Langbord*, 832 F.3d at 190 ("stronger precedent supports the application of Rule 805 [hearsay within hearsay] to ancient documents"); Fed. R. Evid. 803, Notes of Advisory Committee on Proposed Rules (2014)("In a hearsay situation . . . neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge").

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

---

[6] ███████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████ ██

Thus, since the '208 registration provided constructive notice of Glico's Pocky product

configuration, ████████████████████████████████████████

██████████████ Lotte adopted the Pepero product configuration with knowledge of the use

of the Pocky product configuration in the U.S. *See Members First Fed. Credit Union,* 54 F.

Supp. 2d 393, 409 (M.D. Pa. 1999) ("Given that Members 1st pled only the statutory defense,

not the common law defense in the instant case, the court cannot ignore the plain language of the

statute which requires the lack of knowledge, not merely good faith.").

### iii.   Lotte Cannot Prove the Geographic Scope of Its Pepero Sales

█████████████████████████████████████████████

████████████████████████████████ Lotte also cannot prove the geographic

scope of any sales of Pepero prior to Glico's registration date, and Lotte admits as much.  Opp. at

7-9; Dkt. 227-1, ¶¶ 46, 48; Dkt. 227-44.  Lotte asks the Court to infer the fiction of "nationwide"

sales from 1987 onward.  Opp. at 9.  There is no possible basis for any such inference.

### iv.   ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

_____
[8] ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████ *Versa* is also

inapposite because it discussed bad faith and intent, as well as product labeling, in the context of
a likelihood of confusion analysis, not in the context of the requirements of 15 U.S.C. §
1115(b)(5).  *Versa Products Co., Inc. v. Bifold Co. (Mfg.) Ltd*., 50 F.3d 189, 206 (3d Cir. 1995).

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

███████████████████████  ███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████ █

### III.     Summary Judgment Is Warranted on Lotte's Affirmative Defense of Fraud

Lotte contends that summary judgment is inappropriate on its fraud defense because

fraud involves questions of intent.  Opp. p. 12.  However, Lotte's contention assumes that it has

produced some shred of evidence of Glico's intent that would preclude summary judgment,

*which it has not*.  Dkt. 227-1, ¶ 80.  Under these circumstances, courts in the Third Circuit have

---

[9] ████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████ .

[10] Lotte cites *Quill Corp. v. LeBlanc* for the proposition that summary judgment on § 1115(b)(5) should be denied where defendant's geographic area of prior continuous use was unresolved. The facts of this case are entirely distinguishable.  In *Quill*, the defendant produced evidence showing that it had used the mark continuously at a store in a single location but the parties disputed the geographic reach of sales from that location.  654 F. Supp. 380, 383 (D.N.H. 1987).

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

granted summary judgment dismissing fraud on the PTO defenses. *See Primepoint, L.L.C. v. PrimePay, Inc.*, 545 F. Supp. 2d 426, 447 (D.N.J. 2008)("Primepoint… contends that summary judgment is warranted because 'there is no evidence of fraud by Primepoint.' This Court agrees—other than PrimePay's conclusory statements and suppositions, there is no evidence before this Court that Primepoint willfully withheld information in an attempt to induce the PTO to act in reliance…this Court finds that there is no issue of fact sufficient to deny summary judgment in favor of Primepoint…"); *La Cena Fine Foods, Ltd. v. Jennifer Fine Foods*, No. CIV.A.01CV5746(JLL), 2006 WL 2014503, at *5 (D.N.J. July 18, 2006)("Jennifer offers no evidence whatever showing that La Cena knowingly made factually false statements to the PTO, and accordingly, fails to prove fraud by clear and convincing evidence…).

### a. Lotte's "Evidence" That Glico Made Knowingly False Statements to the PTO in Connection with the Prosecution of the '208 Registration Is Non-Existent

Lotte's fraud defense boils down to the proposition that Glico made knowingly false statements during the prosecution of its '208 registration when it submitted declarations from Mr. Katsuhisa Ezaki on November 17, 1987 and June 19, 1988, attesting to the continuous and substantially exclusive use of the Pocky product configuration in the U.S. during the preceding five years. Opp. at 13-14. According to Lotte, Mr. Ezaki supposedly was aware at the time of sales of Pepero or other products in the U.S. bearing the Pocky product configuration. Lotte's defense is wholly unsupported by evidence. ████████████████████

████████████████████████████████████████

████████████████████████████ Further, Lotte has not identified evidence of third-party sales of similar products during the time period in question. *See* Dkt. 227-1, ¶ 79.

████T████████████████████████████████

████████████████████████████████████████

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

██████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

In addition, this "evidence" is directly contradicted by the sworn declaration of Mr. Ezaki attesting to the fact that he has no recollection of being aware of any sales of Pepero products before or at the time he signed Glico's declarations of substantially exclusive use of the POCKY Product Configuration in 1987 and 1988.[11] Dkt. 227-40.  Thus, it is impossible to infer that Glico had knowledge of Pepero or third party sales in the U.S. which would render its declarations of substantially exclusive use false, because there is no evidence to support any such inference.  *See La Cena Fine Foods, Ltd.,* No. 2006 WL 2014503 at *4 (at summary judgment "[a] party seeking to establish fraud faces a 'heavy burden.' There is no 'room for speculation, inference or surmise,' and the court must resolve any doubt 'against the charging party.'").

Further, even if Glico had somehow been aware of sales of similar products in the U.S. – a proposition entirely without evidence – Glico's declarations still could not form the basis for fraud, ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ (TMEP § 1212.05(b))("The five years of use in commerce does not have to be exclusive,

---

[11] Lotte contends that Mr. Ezaki's declaration is inadmissible, but fails to explain why.  Dkt. 257-1, ¶ 94.  The Court directed Glico to provide this declaration for the express purpose of "establishing [Mr. Ezaki's] knowledge of Pepero sales at the time of the declarations, or lack thereof, so that fact will be established for purposes of litigation."  *See* Dkt.168 at 13.

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

but must be "substantially" exclusive. 15 U.S.C. §1052(f); 37 C.F.R. §2.41(a)(2). This makes allowance for use by others that may be inconsequential or infringing, which does not necessarily invalidate the applicant's claim")). ███████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

      Finally, even if Glico had knowledge of Pepero or third-party sales at the time it submitted its declarations, such knowledge would not be sufficient to support fraud, as applicants making declarations of substantially exclusive use are only required to disclose those users they know to have superior or clearly established rights in the proposed mark. *See UHS of Delaware, Inc.*, 2015 WL 7294454 at \*6 ("An applicant cannot be liable for fraudulent procurement if, at the time of the oath, the applicant "ha[d] a good-faith belief that it is the senior user" of the mark."). ████████████████████████████████

████████████████████████████████████████

Indeed, Glico's representatives submitted sworn, truthful declarations to the PTO attesting to their belief that, *inter alia*, Glico was the owner of the Pocky product configuration trademarks and no other entity had the right to use the trademarks in commerce. Dkt. 227-1, ¶¶ 14, 15, 17. Glico's good-faith statements of substantially exclusive use cannot constitute fraud.

      **b. Lotte Has Not Identified a Shred of Evidence that Glico had an Intent to Deceive**

      There is no evidence that Glico made *any* false statements in the prosecution of its '208 registration, let alone *knowingly false* statements, and thus there is no possible basis to infer that Glico had an intent to deceive the PTO.[12] *See Primepoint,* 545 F. Supp. 2d at 447.

---

[12] Lotte's cited cases, *Martal Cosmetics, Ltd. v. Int'l Beauty Exch. Inc.,* No. 01CV7595TLMJO, 2010 WL 2179022, (E.D.N.Y. May 28, 2010) and *Excelled Sheepskin & Leather Coat Corp. v.*

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

    **c.  Lotte Abandoned Its Fraud Defense As To Glico's '404 and '119 Registrations**

Lotte's Opposition does not even mention Glico's '404 or '119 registrations for the Pocky Almond Crush product configuration trademarks.  *See* Dkt. 257.  As a result, Lotte has abandoned its fraud defense as to the '405 and '119 registrations, and rightly so.

***************

For the foregoing reasons, Glico requests summary judgment dismissing Lotte's Eleventh Affirmative Defense of prior use and Twelfth Affirmative Defense of fraud on the PTO.

---

*Oregon Brewing Co.*, 897 F.3d 413 (2d Cir. 2018) regarding inferring intent to deceive are inapposite because both cases involved circumstances where the allegedly false statements were made by declarants with regard to the use of *their own products* bearing the marks in commerce, which a trademark owner would reasonably be presumed to know about – not a trademark owner's knowledge of third-party products that may or may not exist in the marketplace.

*CONFIDENTIAL- SUBJECT TO MOTION TO SEAL*

Respectfully submitted,

Dated: November 8, 2018          By:     */s/ Roy H. Wepner*
                                         Roy H. Wepner
                                         Charles P. Kennedy
                                         Natalie S. Richer
                                         LERNER, DAVID, LITTENBERG,
                                         KRUMHOLZ & MENTLIK, LLP
                                         600 South Avenue West
                                         Westfield, NJ 07090-1497
                                         Tel: 908.654.5000


                                         _/s/_ *Steven M. Levitan*_
                                         Steven M. Levitan
                                         (admitted *pro hac vice*)
                                         HOGAN LOVELLS US LLP
                                         4085 Campbell Avenue
                                         Suite 100
                                         Menlo Park, CA 94025
                                         Tel: 650.463.4000


                                         Anna Kurian Shaw
                                         (admitted *pro hac vice*)
                                         Katherine Bastian
                                         (admitted *pro hac vice*)
                                         Lauren Cury
                                         (admitted *pro hac vice*)
                                         HOGAN LOVELLS US LLP
                                         555 Thirteenth Street, NW
                                         Washington, DC 20004
                                         Tel: 202.637.5600


                                         Aaron S. Oakley
                                         (admitted *pro hac vice*)
                                         Katherine Armstrong Nelson
                                         (admitted *pro hac vice*)
                                         HOGAN LOVELLS US LLP
                                         1601 Wewatta St #900
                                         Denver, CO 80202
                                         Tel: (303) 899-7300


                                         *Attorneys for Plaintiffs Ezaki Glico*
                                         *Kabushiki Kaisha, d/b/a Ezaki Glico Co.,*
                                         *Ltd. and Ezaki Glico USA Corporation*

18