## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EZAKI GLICO KABUSHIKI KAISHA d/b/a EZAKI GLICO CO., LTD. and EZAKI GLICO USA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> LOTTE INTERNATIONAL AMERICA CORP. and LOTTE CONFECTIONERY CO., LTD., <br><br> Defendants. | Civil Action No. <br><br> 15-5477 (MCA) (LDW) <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of the unopposed Motion to Seal portions of filings related to Plaintiffs' Application for Attorneys' Fees and Costs (ECF No. 312); and having considered the Declaration of Lauren Beth Cury in support of the Motion to Seal, as well as the factors contained in Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

1. Plaintiffs seek to seal portions of (1) the Certification of Aaron S. Oakley in Support of Plaintiffs' Application for Attorneys' Fees and Costs, (2) Exhibit A to the Oakley Certification, (3) Lotte's Response to Glico's Application for Attorneys' Fees and Costs, and (4) Reply in Support of Plaintiffs' Application for Attorneys' Fees and Costs. (ECF Nos. 302-1, 302-2, 304, 308, public redacted versions filed at ECF Nos. 303-1, 303-2, 305, 310).

2. The documents sought to be sealed contain the hourly billing rates of attorneys at Hogan Lovells US LLP and Lerner, David, Littenberg, Krumholz & Mentlik LLP and the number of hours they devoted to certain legal tasks on behalf of plaintiffs.

3. The party seeking "the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quotations omitted); *see also* Local Civ. R. 5.3(c)(3).

4. "[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). To overcome this presumption, a party must demonstrate that good cause exists for sealing. However, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 2004) (quotation omitted).

5. Plaintiffs' counsel's generic assertion that disclosure of billing arrangements and the number of hours worked "will cause injury to the business standing and ability to compete in the marketplace of all concerned" falls short of establishing a clearly defined or serious injury constituting good cause for sealing. Cury Decl. ¶ 6.

6. Nor have plaintiffs established that this material is the kind that courts will protect. Several courts have held that "attorney rates and hours are generally not considered privileged information that is sealable." *Aylus Networks, Inc. v. Apple Inc.*, Civ. A. No. 13-4700, 2016 WL 1252778, at *1 (N.D. Cal. Mar. 30, 2016); *see Aleynikov v. Goldman Sachs Grp., Inc.*, Civ. A. No. 12-5994, 2014 WL 12623701, at *1 (D.N.J. June 30, 2014) (sealing descriptive entries in attorney time records, but not billing rates or hours worked).

7. Attorneys seeking discovery sanctions and other fee awards in this Circuit routinely disclose their billing arrangements and billable hours, and Courts rely on that information in publicly filed orders awarding attorneys' fees. *See, e.g.*, *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 245 (3d Cir. 2007) (disclosing range of billing rates and hours worked in affirmance of discovery sanction); *Doe v. Bank of Am., N.A.*, Civ. A. No. 16-3075, 2018 WL 5005004, at *4 (D.N.J. Oct. 15, 2018); *Hioutakos v. SimplexGrinnell LP*, Civ. A. No. 10-4505, 2014 WL 1255197, at *2 (D.N.J. Mar. 26, 2014) (disclosing flat fee billing arrangement in application for discovery sanction).

8. Indeed, the rates charged and hours billed by other attorneys at the Hogan Lovells law firm have been publicly disclosed in connection with fee award applications. *See, e.g.*, *H.B. Auto. Grp., Inc. v. Kia Motors Am., Inc.*, Civ. A. No. 13-4441, 2018 WL 4017698, at *3-4 (S.D.N.Y. July 25, 2018) (disclosing discounted and standard billing rates for Hogan Lovells partners, mid-level associates, and paralegals as well as hours worked); *Georgia State Conference of the NAACP v. Kemp*, Civ. A. No. 17-1397, 2018 WL 2271244, at *2-3 (N.D. Ga. Apr. 11, 2018) (same).

The Court having considered the foregoing facts and legal authority; and for good cause shown;

**IT IS** on this day, April 26, 2019, **ORDERED** that:

1. The Motion to Seal portions of Plaintiffs' Application for Attorneys' Fees and Costs is **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs may refile the Motion to Seal with a memorandum of law setting forth relevant authority for the relief sought, as well as a declaration stating with particularity

how each of the factors in Local Civil Rule 5.3(c)(3) is satisfied, on or before **May 10, 2019**.

3. The Clerk of Court is directed to terminate the motion at ECF No. 312.

                                                        */s/ Leda D. Wettre*
                                                        Hon. Leda Dunn Wettre
                                                        United States Magistrate Judge